**In re Robert Carnahan GRIFFITH and Ruth Ina Griffith, d/b/a Payless Motel, Debtors–Plaintiffs,**

**v.**

**REALTY EXECUTIVES, INC., a New Mexico Corporation, et al., Defendants.**

**Bankruptcy No. 79–01128J(c).**
**Adv. Nos. 79–0007 and 79–0008.**

United States Bankruptcy Court,
D. New Mexico.

May 22, 1980.

See also, Bkrtcy., 6 B.R. 750.

Carol Glenn, Thomas J. Dunn and Terry D. Farmer, Albuquerque, N.M., for debtors-plaintiffs.

Duane Keating and Joseph Mercer, Albuquerque, N.M., for defendant Richard Hix, individually, and Hiland Properties, Inc.

Norman L. Gagne, Albuquerque, N.M., for defendant Al Kashey, individually, and Al Kashey Company, Inc.

Richard D. Yeomans, Albuquerque, N.M., for defendant Tina Singer, individually, and for the Estate of Jerry Singer.

## ORDER

ROBERT A. JOHNSON, Bankruptcy Judge.

This cause came on to be heard upon the Motion of the defendant Tina Singer, individually and as personal representative of the estate of Jerry Singer, which was joined by all the affected defendants, to sever the cross–claims of defendant Singer and defendants Al Kashey and Al Kashey and Company and the counterclaim of defendant Singer against Al Kashey and Al Kashey and Company from the pending proceedings, upon the asserted grounds of lack of jurisdiction of this Court as well as the asserted fact that the requested severance would be conducive to expedition and economy.

Some recital of the facts is desirable to understand the context in which this motion is made.

The plaintiffs commenced this case in the United States District Court for the District of New Mexico, asserting that their purchase of the Payless Motel in Albuquerque, New Mexico, was induced by the false representations of the defendants. Thereafter, unable to operate the motel profitably, the debtors filed a petition under Chapter 11 of the Code, and removed the pending action to this Court. The defendants are the prior owner of the motel and the various real estate brokers and agents who participated in the transaction in one form or another. Singer, the owner, has filed a cross–claim seeking contribution or indemnity from the brokers, and one broker, Al Kashey, and his employer, Al Kashey and Company, have also filed a cross–claim seeking the same relief. Singer filed a response to the Kashey cross–claim entitled "Counterclaim" which raises the same issues of contribution and indemnity. In the event the plaintiff–debtors prevail in the litigation, these issues will need resolution. In the event that the defendants prevail in the litigation, these issues will be moot.

The jurisdictional grant to the bankruptcy court is a two–step process and is found in 28 U.S.C. § 1471(b), which provides in material part, that:

> ". . . district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11."

§ 1471(c) requires that the bankruptcy court for the district in which a case under Title 11 is commenced to exercise all of the jurisdiction conferred upon the district courts. The constitutional question sought to be avoided by this formulation has not been raised here.

■ There is not much doubt that this lawsuit is at least "related to" a case under title 11, within the meaning of 28 U.S.C. § 1471(a). It is hard to imagine an action to rescind a contract involving virtually the only asset of the debtors alternatively seeking the recovery of the property which was traded for this asset, or damages for misrepresentation in the acquisition of this asset, could be considered unrelated to the bankruptcy case. This seems no less true simply because the suit was filed in the United States District Court prior to the filing of the petition in the bankruptcy court.

This case however was removed here under 28 U.S.C. § 1478, which permits removal of "any claim or cause of action in a civil action" if the bankruptcy courts have jurisdiction over that claim or cause of action. The reasons for the difference in language between § 1478 and § 1471(b) are not immediately apparent, and it raises the issue of whether the removal jurisdiction under § 1478 is as broad as the grant under § 1471(b). The limitation in § 1478 to a removal of "any claim or cause of action" seems at first blush to be considerably more narrow than the language of § 1471(b) which confers jurisdiction over "all civil proceedings arising under Title 11 or arising in or related to cases".

However, it seems to the Court that there is ample jurisdiction over the cross–claims and counterclaim to permit, if not require, litigation of these claims in this Court. The cross–claims here are based upon the same transaction out of which the plaintiff–debtors seek relief. Such cross–claims are commonly treated as within the ancillary jurisdiction of district courts. Wright, *Federal Courts*, 3rd Ed. § 80.

■ The doctrine of ancillary jurisdiction is a creature of extreme desirability, if not necessity, and permits a district court to dispose of all of the matters in a case properly before it, even though there are some matters or issues in the case which are tangential to the main action and over which the Court does not have independent grounds of jurisdiction. Wright, *supra*, § 9.

■ While there is nothing in the Bankruptcy Code which compels the adoption of the concept of ancillary jurisdiction in the bankruptcy courts, there is likewise nothing in the statute to suggest that Congress intended that the concept not be applicable to the bankruptcy courts. A review of the legislative history does not reveal any purposeful intention to restrict the

removal jurisdiction by the seemingly narrow language of § 1478. The same considerations which led to the formulation and adoption of that concept in the district courts seem equally applicable here, and to sever such cross–claims and remand them to the United States District Court would involve an uneconomical use of judicial resources. Retaining jurisdiction over the cross–claims would promote a speedier resolution, and perhaps lessen the possibility of an inconsistent result. Accordingly, I hold that the concept of ancillary jurisdiction is applicable to the bankruptcy courts, that these cross–claims are sufficiently related to the main action to justify their assertion and resolution in this Court, and that the Motion to Sever, insofar as it is based upon the asserted lack of jurisdiction, is denied. There is an excellent analysis and discussion by Professor Kennedy in 11 St. Mary's Law Journal, Number 2, 1979, at pgs. 282 to 289.

A timely jury demand has been filed, and no objection to that demand has been made. Although this case involves garden–variety claims of contribution and indemnity, the issues raised by the complaint will be of easier resolution by the jury if presented without the added issues involved in the cross–claims. Although it is suggested that the plaintiffs would be prejudiced if separate trials were ordered because they would be necessary witnesses in the second trial, it appears to the Court that adequate provision can be made to protect against that eventuality. Should it occur, some reimbursement may be in order.

Accordingly, the Motion to Sever, based upon considerations of judicial economy and expedition, is granted.