**In re Leigh R. HARLOW and Evelyn B. Harlow, Debtors.**

**Bankruptcy No. 80–00252.**

United States Bankruptcy Court, D. Vermont.

Jan. 2, 1981.

Jerome I. Meyers, Springfield, Vt., for debtors.

Fink & Birmingham, P. C., Ludlow, Vt., for John B. Sargent and Frederic D. Sargent, mortgagees-plaintiffs in the foreclosure proceeding.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

This is a contested proceeding on the Application of the Debtors to remove a pending foreclosure action from State Court.

The foreclosure action which the Debtors seek to remove to the Bankruptcy Court, 12 B.R. 1, was instituted in the Windsor Superior Court by John B. Sargent and Frederic D. Sargent as mortgagees against the Debtors and Agway, Incorporated, by Complaint dated June 6, 1980 with summons served on June 17, 1980.

This foreclosure action has proceeded to a default judgment against the Debtors because of their failure to file a verified answer as required by the pertinent state court rule.

In their Application for Removal the Debtors allege that the property involved in the foreclosure action is their homestead farm and that they have good and equitable defenses to the action under appropriate law and that the interests of justice will best be served by granting such removal.

The plaintiffs in the state foreclosure proceeding resist removal on the ground that no verified answer has been filed; that the alleged real defenses to the foreclosure action have not existed and do not exist nor have they been raised properly in the more than seven months that the foreclosure action has been filed in the Windsor Superior Court.

The Debtors seek removal to 28 U.S.C. § 1478 which provides as follows:.

"§ 1478. Removal to the bankruptcy courts.

"(a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.

"(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise."

The assumption of jurisdiction by removal over a foreclosure action pending in state court presents a novel situation. As pointed out by the plaintiff-mortgagees in that action the foreclosure of a mortgage on real property is a purely state proceeding. See 12 V.S.A. § 4523 under which actions to foreclose a mortgage shall be brought before the county court (now superior court) of the county where the land lies with all proceedings to be held before the presiding judge alone. (subsections a and c).

Under the old Bankruptcy Act it was inconceivable that the Bankruptcy Court could assume jurisdiction over a state foreclosure action. This no longer prevails. Now, under the Bankruptcy Code, specifically by virtue of 28 U.S.C. § 1471 the jurisdiction of the Bankruptcy Court has been greatly expanded. Under this section the Bankruptcy Court, as an adjunct of the District Court, has original and exclusive jurisdiction of all causes under Title 11 and also has original but not exclusive jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11. Further the Bankruptcy Court in which a case under Title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case. See subsections a, b and e of 28 U.S.C. § 1471.

The pervasive jurisdiction granted to the Bankruptcy Court under Section 1471 is defined in the House Report as follows:

"Subsection (b) is a significant change from current law. It grants the bankruptcy court original (trial), but not exclusive, jurisdiction of all civil proceedings arising under title 11 or arising under or related to cases under title 11. This is the broadest grant of jurisdiction to dispose of proceedings that arise in bankruptcy cases or under the bankruptcy code. Actions that formerly had to be tried in State court or in Federal district court, at great cost and delay to the estate, may now be tried in the bankruptcy courts. The idea of possession or consent as the sole basis for jurisdiction is eliminated. The bankruptcy court is given in personam jurisdicton (sic) as well as in rem jurisdiction to handle everything that arises in a bankruptcy case.

"The jurisdiction granted is of all proceedings arising under title 11 or arising under or related to a case under title 11. The bill uses the term 'proceeding' instead of the current 'matters and proceedings' found in the Bankruptcy Act and Rules. The change is intended to conform the terminology of title 28, under which anything that occurs within a case is a proceeding. Thus, proceeding here is used in its broadest sense, and would encompass what are now called contested matters, adversary proceedings, and plenary actions under the current bankruptcy law. It also includes any disputes related to administrative matters in a bankruptcy case.

"The use of the term 'proceeding,' though, is not intended to confine the bankruptcy case. Very often, issues will arise after the case is closed, such as over the validity of a purported reaffirmation agreement, proposed 11 U.S.C. 524(b), the existence of prohibited post-bankruptcy discrimination, proposed 11 U.S.C. 525, the validity of securities issued under a reorganization plan, and so on. The bankruptcy courts will be able to hear these proceedings because they arise under title 11.

"The phrase 'arising under' has a well defined and broad meaning in the jurisdictional context. By a grant of jurisdiction over all proceedings arising under title 11, the bankruptcy courts will be able to hear any matter under which a claim is made under a provision of title 11. For example, a claim of exemptions under 11 U.S.C. 522 would be cognizable by the bankruptcy court, as would a claim of discrimination in violation of 11 U.S.C. 525. Any action by the trustee under an avoiding power would be a proceeding arising under title 11, because the trustee would be claiming based on a right given by one of the sections in subchapter III of chapter 5 of title 11. Many of these claims would also be claims arising under or related to a case under title 11. Indeed, because title 11, the bankruptcy code, only applies once a bankruptcy case is commenced, any proceeding arising under title 11 will be in some way 'related to' a case under title 11. In sum, the combination of the three bases for jurisdiction, 'arising under title 11,' 'arising under a case under title 11,' and 'related to a case under title 11,' will leave no doubt as to the scope of the bankruptcy court's jurisdiction over disputes."

Underscoring supplied.

It seems abundantly clear that the foreclosure action now pending in the State Court is one over which the Bankruptcy Court could assume jurisdiction by removal pursuant to 28 U.S.C. § 2478. However, under subdivision (b) of this section the bankruptcy court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground and an order remanding or not remanding is not reviewable. This right of the Bankruptcy Court to abstain from an action removed pursuant to 28 U.S.C. § 1478(a) should only be exercised where the interests of all the parties would best be served. In Re Project Oneco, Inc., 1 Collier 2d 711.

The plaintiff mortgagees have in their memorandum incorporated a request to remand on equitable grounds. They recite that the foreclosure action has progressed to the entry of a default judgment; that the debtors have had a full opportunity to defend the action and to present the defenses which they now claim exist; that they have failed to file a verified answer as required by the State Court rule; that their motion for review has been denied by the State court; that as mortgagees they have gone to considerable expense by way of attorney's fees and court costs and that the debtors over a period of seven months since the institution of the foreclosure action have been given a full opportunity to present whatever legal defense they might have had to the foreclosure. In effect, they have had their day in court.

The record in the State case seems to support the mortgagees' position and they should not be compelled to come into Bankruptcy Court to prosecute another foreclosure proceeding ab initio at additional expense and delay. Equity dictates otherwise. If the debtors have any other rights such as exemptions these may be severed and left for determination by the Bankruptcy Court. See In Re Calabria, 2 Collier 2d Sec. 113.

### ORDER

Upon the foregoing, IT IS ORDERED that the Motion of the Debtors to Remove is DISMISSED.