**In re VERMONT REAL ESTATE INVESTMENT TRUST, Debtor.**

**Bankruptcy No. 82–53.**

United States Bankruptcy Court, D. Vermont.

April 9, 1982.

Ronald A. Fox, Montpelier, Vt., for applicant.

Julian R. Goodrich, Montpelier, Vt., for debtor.

### MEMORANDUM AND ORDER AS TO REMOVAL OF STATE COURT ACTION

CHARLES J. MARRO, Bankruptcy Judge.

The application of Charles E. Crowell, a former president of the debtor, for removal of a state court action instituted against him et. als. by the debtor came on for hearing, after notice.

The records in this case show that the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on February 16, 1982. Subsequently by complaint dated February 19, 1982 the Debtor instituted an action in the Washington Superior Court of the State of Vermont against Charles E. Crowell et als. alleging that he mismanaged funds of the Debtor-Trust, made misrepresentations in sale of securities, diverted money and property willfully and intentionally, issued prospectuses and other written documents containing false and misleading statements, gave preferences to certain shareholders, wrongfully commingled Trust funds with those held by him in another capacity and failed to exercise the same degree of care, skill, loyalty and fiduciary towards the Debtor and its shareholders as is owed by a Director to his corporation under Vermont Business Corporation laws. The debtor seeks damages of One Million ($1,000,000.00) Dollars.

Crowell is requesting removal of this cause of action from Washington Superior Court to this United States Bankruptcy Court. His application is resisted by the Debtor on the grounds that the case will involve a significant number of issues at equity and at law; that there will be various counterclaims to be determined; that there is a potential for crossclaims; that extensive discovery will be involved with many motions for temporary relief; that all defendants except one who resides in Chittenden County, are residents of Washington County; that the Plaintiff has a situs in Washington County; that Washington Superior Court is the most convenient situs to litigate the outstanding matters with sufficient facilities to determine them thoroughly and expeditiously, it being now involved in a pilot program to try cases within one year from the date of filing.

Under 28 U.S.C.S. Sec. 1478 a party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such government unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action. The pending case in Washington Superior Court is not within the exceptions recited in the foregoing Section 1478. Further, it is quite apparent that the subject matter of the Washington Superior Court cause of action arises in or is related to the Chapter 11 proceeding under which the Debtor seeks relief. Therefore, this Bankruptcy Court, as an adjunct of the U. S. District Court, does have jurisdiction over the subject matter under 28 U.S.C.S. 1471(b) which provides:

"Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than district courts, the district courts have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." Underscoring supplied.

It was succinctly pointed out in the case of *In Re Brothers Coal Company*, 6 B.R. 567 that the phrase "arising under" has a well and broad meaning in the jurisdictional sense. In defining this broad jurisdiction the Court said at page 570:

" 'By a grant of jurisdiction over all proceedings arising under title 11, the bankruptcy courts will be able to hear any matter under which a claim is made under a provision of title 11 . . . . . Indeed, because title 11, the bankruptcy code, only applies once a bankruptcy case is commenced, any proceeding arising under title 11 will be in some way "related to" a case under title 11. In sum, the combination of the three bases for jurisdiction, "arising under title 11," "arising under a case under title 11," and "related to a case under title 11," will leave no doubt as to the scope of the bankruptcy court's jurisdiction over disputes.' "

The pervasive jurisdiction granted to the bankruptcy courts under 28 U.S.C.S. Section 1471 is recited in the legislative history, House Report No. 95–595, Page 445, U.S. Code Cong. & Admin.News 1978, pp. 5787, 6400, as follows:

"Subsection (b) is a significant change from current law. It grants the bankruptcy court original (trial), but not exclusive, jurisdiction of all civil proceedings arising under title 11 or arising under or related to cases under title 11. This is the broadest grant of jurisdiction to dispose of proceedings that arise in bankruptcy cases or under the bankruptcy code. Actions that formerly had to be tried in State court or in Federal district court, at great cost and delay to the estate, may now be tried in the bankruptcy courts. The idea of possession or consent as the sole bases (sic) for jurisdiction is eliminated. The bankruptcy court is given in personam jurisdiction as well as in rem jurisdiction to handle everything that arises in a bankruptcy case.

"The jurisdiction granted is of all proceedings arising under title 11 or arising under or related to a case under title 11. The bill uses the term 'proceeding' instead of the current 'matters and proceedings' found in the Bankruptcy Act and Rules. The change is intended to conform the terminology of title 28, under which anything that occurs within a case is a proceeding. Thus, proceeding here is used in its broadest sense, and would encompass what are now called contested matters, adversary proceedings, and plenary actions under the current bankruptcy law. It also includes any disputes related to administrative matters in a bankruptcy case."

Under such pervasive jurisdiction of the bankruptcy courts the Washington Superior Court action is clearly removable to this Bankruptcy Court. The assumption of jurisdiction by removal has been previously recognized by this court. *In Re Harlow*, 13 B.R. 475; 5 C.B.C.2d Ser. 214. It is true that in that case the court remanded on equitable grounds. In *Harlow* the state foreclosure proceeding had practically been finalized and removal would have resulted in a trial ab initio at additional expense and delay thereby giving the debtor a second day in court at the expense of the foreclosing party.

Under Section 1478(b), supra, the Bankruptcy Court may remand a cause removed from the state court on any equitable ground. This court fails to perceive any basis for remanding. The action in Washington Superior Court was only recently instituted. It has not progressed beyond the initial pleadings. The issues and the type of litigation are no more complex for the bankruptcy court than they are for the state forum. Suitable discovery may be obtained as readily before this court as in the Washington Superior Court. The case may, if necessary, be heard in the Federal District Court Room in Montpelier where the Washington Superior Court sits with adequate facilities. The existence of counterclaims or cross claims does not detract from the jurisdiction of the Bankruptcy Court. *Griffith v. Realty Executives, Inc.*, 6 B.C.D. 473, 6 B.R. 753.

The debtor also argued as a ground for remanding the crowded docket of the Bankruptcy Court. Such a situation may exist but no more so than that of the state court. Further it is no ground for remanding. The latitude and discretion for remanding a removed case involve many more elements. *In Re Ebrights Refrigerator Equipment*, 13 B.R. 546, citing *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542.

The applicant has complied with time and bond requirements of Interim Rule 7004 for removal.

### ORDER

Now, therefore, upon the foregoing, IT IS ORDERED:

1. The civil action or proceeding instituted by the Debtor, Vermont Real Estate Investment Trust, et als., v. Charles E. Crowell, et als., by Complaint dated February 19, 1982 and pending in Washington Superior Court under Docket Number S–72–82 W.C. is hereby removed to this Bankruptcy Court.

2. The applicant, Charles E. Crowell, shall file with the Clerk of this Court certified copies of all records and proceedings relating to said action filed in the Wash-

ington Superior Court within 20 days of the entry of this Order.