The **WESTERN UNION TELEGRAPH COMPANY**, Plaintiff,

v.

**GRAPHIC SCANNING CORPORATION**, Defendant.

No. 72 Civ. 3952.

United States District Court,
S. D. New York.

June 26, 1973.

---

Ernest Walton and David H. Lubetzky, Washington, D. C., for plaintiff; Richard C. Hostetler, New York City, of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison by Robert L. Laufer, New York City, for defendant.

CANNELLA, District Judge.

The defendant's motion to dismiss the complaint, made pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, is granted.

This action is brought under the jurisdictional provisions of 28 U.S.C. § 1337 and 47 U.S.C. § 214 and declaratory and injunctive relief is sought to compel the defendant to meet the requirements of the Federal Communications Act of 1934. The plaintiff provides a wide variety of communications services to the public including various forms of message communication services through the use of wire and radio communications. As a common carrier the plaintiff is regulated by the Federal Communications Commission and is subject to the provisions of the Communications Act.

It is alleged that the defendant provides interstate and foreign message communication services to the public by wire or radio making it a communications carrier within the meaning of Section 3(h) of the Communications Act (47 U.S.C. § 153(h)). More specifically, it is alleged that the defendant transmits messages in the form of words, numbers or graphic data through an interstate and foreign message communications network which receives, stores and transmits messages. The messages are carried over one of the defendant's more than 150 operational communication lines and are received by electronic transmission, by telephone or are picked up by messengers.

The defendant is charged in the first count with operating channels of communication without having obtained a certificate of public convenience and necessity from the F.C.C. in violation of Section 214 of the Communications Act. In the second count, the defendant is charged with a violation of Section 203 of the Act by failing to file tariffs with the F.C.C. which show the charges of services to be rendered. The plaintiff contends that the defendant enjoys a substantial competitive advantage over the plaintiff because it is subject to the restraints of the Communications Act while the defendant is not. Judgment is demanded declaring that the defendant is a common carrier operating in violation of law and a judgment enjoining the defendant's operations until a certificate has been obtained and requisite tariffs have been filed is also demanded.

The defendant claims that it is not in any business intended to be covered by the Communications Act nor are its activities subject to regulation by the F. C.C. The defendant states that it is in

the business of providing a wide variety of specialized data and message processing and delivery services aimed at the needs of particular industries and, in the course of its business, the defendant utilizes communication facilities obtained from common carriers. The defendant contends that the plaintiff's complaint should be dismissed because of the well-established doctrine of primary jurisdiction.

■■ The court finds that the principle of primary jurisdiction is applicable herein and that the issues raised in this action should be determined in the first instance by the F.C.C. The doctrine of primary jurisdiction is properly invoked whenever the enforcement of a claim, which is originally cognizable in the courts, requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body. The doctrine is grounded upon the necessity for administrative uniformity and the need for administrative skill found only in a body of experts capable of handling the intricate facts of a particular case. See United States v. Radio Corporation of America, 358 U.S. 334, 346, 79 S.Ct. 457, 3 L.Ed.2d 354 (1959); Texas & Pacific Ry. Co. v. Abilene Cotton Oil Co., 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553 (1907).

In Far East Conference v. United States, 342 U.S. 570, 72 S.Ct. 492, 96 L. Ed. 576 (1952), the Supreme Court in applying the doctrine of primary jurisdiction stated:

"[It is] now firmly established, that in cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, agencies created by Congress for regulating the subject matter should not be passed over. This is so even though the facts after they have been appraised by specialized competence serve as a premise for legal consequences to be judicially defined. Uniformity and consistency in the regulation of business entrusted to a particular agency, are secured, and the limited functions of review by the judiciary are more rationally exercised, by preliminary resort for ascertaining and interpreting the circumstances underlying legal issues to agencies that are better equipped than courts by specialization, by insight gained through experience, and by more flexible procedure." Id. at 574, 72 S.Ct. at 494. See also Ricci v. Chicago Mercantile Exchange, 409 U.S. 289, 93 S.Ct. 573, 34 L.Ed.2d 525 (1973); Federal Maritime Board v. Isbrandtsen Co., 356 U.S. 481, 78 S.Ct. 851, 2 L.Ed.2d 926 (1958).

The court is persuaded that the issues presented in this case are particularly appropriate for resolution by the F.C.C. When the F.C.C. was organized under the Federal Communications Act of 1934, it was expected to serve as the single government agency with unified jurisdiction and regulatory power over all forms of electrical communication, whether by telephone, telegraph, cable, or radio and for this purpose it was given broad authority. See United States v. Southwestern Cable Co., 392 U.S. 157, 88 S.Ct. 1994, 20 L.Ed.2d 1001 (1968); Carter v. American Telephone & Telegraph Co., 365 F.2d 486 (5th Cir. 1966), cert. denied, 385 U.S. 1008, 87 S.Ct. 714, 17 L.Ed.2d 546 (1967). Recently, the F.C.C. has had occasion to promulgate rules regarding the entrance of communications common carriers into the non-regulated field of data processing services.[1] See In the Matter of Regulatory and Policy Problems Presented by the Interdependence of Computer and Communication Services and Facilities, 28 F.C.C.2d 267 (1971). The Commission stated that they were prepared to render ad hoc evaluations with respect to "hybrid services" to determine whether a particular package service offering

---

1. The orders of the F.C.C. were substantially approved by the Second Circuit Court of Appeals in GTE Service Corp. v. F.C.C., 474 F.2d 724 (2d Cir. 1973).

is essentially data processing or communication. 28 F.C.C.2d at 276. If this court were to retain jurisdiction, it would necessarily have to be concerned with a number of difficult and delicate problems involving the nature of the defendant's business and the extent that it should be regulated by the F.C.C. The court finds that the F.C.C. with its administrative expertise is clearly the more competent and efficient body to deal with these novel and complex questions.[2]

The plaintiff's principal argument against dismissal is predicated upon Section 214(c) of the Communications Act which, the plaintiff contends, places an obligation upon the court to enjoin violations of that section when suit is brought by any party in interest. In support thereof, the Supreme Court's decision in Texas & Pacific Ry. Co. v. Gulf, Colorado & Santa Fe Ry. Co., 270 U.S. 266, 46 S.Ct. 263, 70 L.Ed. 578 (1926), is cited. That case involved a suit to enjoin the construction of railway tracks where no certificate of public convenience and necessity had been obtained from the Interstate Commerce Commission. The Court held that the district court had jurisdiction to decide the issue without waiting for the question to be presented to the I.C.C. However, the court emphasized that the statute afforded the only available remedy since it was not possible for the party in interest who opposed the construction of tracks to initiate proceedings before the Commission. In the instant case, the plaintiff has standing to present all its claims before the F.C.C. and thereby obtain complete relief.

The plaintiff also contends that the primary jurisdiction doctrine is inapplicable because the issue is not the reasonableness of a rate or rule, but a violation of a rule. See World Airways, Inc. v. Northeast Airlines, Inc., 349 F.2d 1007, 1011 (1st Cir. 1965), cert. denied, 382 U.S. 984, 86 S.Ct. 561, 15 L.Ed.2d 473 (1966); Civil Aeronautics Board v. Modern Air Transport, Inc., 179 F.2d 622, 624 (2d Cir. 1950). However, there are more critical questions involved in this action than a simple violation of a rule. The court must first decide the defendant's status as a potential common carrier within the framework of the Communications Act. Cf. Civil Aeronautics Board v. Aeromatic Travel Corp., 349 F.Supp. 1151 (E.D.N.Y.1972). The F.C.C. is better equipped to render a judgment on this point and by doing so, it will promote uniformity in the communications industry.

Further, the cases which have relied upon this rule have largely dealt with the aviation and the railroad industries and therefore concerned government agencies other than the F.C.C. Moreover, these same courts invariably retained jurisdiction in these areas because the issues involved were within the ordinary competence of the court and did not require an unusual amount of expertise. See, e. g., New York, S. & W. Ry. v. Follmer, 254 F.2d 510 (3rd Cir. 1958).

Because the plaintiff will be able to obtain full relief by filing his complaint with the F.C.C. which has the power to issue cease and desist orders, the court finds no reason to retain jurisdiction in this case while the matter is before the F.C.C. Accordingly, the complaint is dismissed.

So ordered.

---

2. The court is not persuaded by the plaintiff's argument that regulatory agencies are traditionally and notoriously understaffed and often incapable of acting with the requisite expedition. There is certainly no guarantee that this court, with its crowded dockets, will be able to reach this case any sooner.