In re PROJECT ONECO, INC., Debtor.

COPPER MOUNTAIN, INC., Plaintiff,

v.

PROJECT ONECO, INC., Defendant.

Bankruptcy No. 80 K 0525.

United States Bankruptcy Court,
D. Colorado.

March 25, 1980.

John D. Phillips and Gregory A. Smith, Yegge, Hall & Evans, Denver, Colo., for defendant.

John R. Webb, Holme, Roberts & Owen, Denver, Colo., for plaintiff.

ORDER DENYING MOTION
FOR REMAND

GLEN E. KELLER, Jr., Bankruptcy Judge.

THIS MATTER is before the Court upon the motion of Copper Mountain, Inc., (herein "Copper") "to abstain or remand" in an action to confirm an arbitration award which was pending in State District Court for the City and County of Denver. The action was removed by the Debtor to this court pursuant to 28 U.S.C. § 1478(a) and Interim Bankruptcy Rule 7004. The thrust of Copper's argument is that because a significant unsettled question of state law is presented in the removed action, the bankruptcy court should defer to the state court as a matter of comity. See, e. g., *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940). The novel issue is asserted to be the scope of review under 1973 C.R.S. § 13–22–214 (as amended), the Uniform Arbitration Act of 1975, particularly as that section meshes with Rule 109 of the Colorado Rules of Civil Procedure. Copper also voices a more fundamental concern. The fear is expressed that removal under the new Bankruptcy Code threatens to disrupt the state judicial process, particularly the state appellate process, to an intolerable degree.

The removal jurisdiction given to the bankruptcy courts by the Bankruptcy Reform Act of 1978 is substantially broader than any removal jurisdiction hitherto known in federal jurisprudence. Any action related to a bankruptcy proceeding may apparently be removed by any party at any stage of the case under § 1478(a). In contrast, 28 U.S.C. §§ 1441 and 1446(b) authorize removal only by the defendant within 30 days of service of process if the action satisfies the more stringent jurisdictional requirements of the federal district courts. The unrestrained use of the bankruptcy courts' removal jurisdiction could strain the relationship between state and federal courts and lead to abuses by state court litigants. The bankruptcy courts will be called upon to exercise the restraint long exercised by other federal courts in deciding cases arising under the abstention and removal provisions of the Code. The goal should be to further the federal policy of quickly and inexpensively concluding litigation involving debtors seeking bankruptcy relief, without undue interference in state judicial proceedings. This is consistent with the policy evident in the adoption of 11 U.S.C. § 362, which automatically stays litigation involving the debtor or the assets of the estate. The purpose is to permit the new interests to be fully recognized and represented without prolonging the litigation or the administration of the estate. This policy is grounded upon the long-recognized policy that bankruptcy proceedings should be expedited to permit recovery by creditors and rehabilitation of debtors at the earliest practical time. This hopefully avoids even larger dislocations that might otherwise occur.

Here, the most significant potential asset of the Debtor is laying fallow pending final resolution of the competing claims to it. If the Debtor's claims have merit, it is essential to its rehabilitation that the asset become functional as soon as possible. The state court has been prompt in its handling of the matter, but substantial interplay with this court will delay ultimate benefit for either party. Even under *Thompson v. Magnolia Petroleum Co., supra,* which argu-

ably calls for greater deference in bankruptcy cases than in other matters where unsettled questions of state law are concerned, abstention is proper only "where the interests of the estate and the parties will best be served . . . ." *Thompson, supra,* at 483, 60 S.Ct. at 630. Here, the best interests of all parties will be best served by the quick resolution of the issues. The applicability of *Thompson* may now be suspect with the enlarged jurisdiction of Bankruptcy Courts. "Summary jurisdiction" under the former law created many considerations which are no longer valid.

Copper argues that the state courts should decide significant unsettled issues of state law. This Court doubts, from the preliminary inquiry, whether the issue presented is sufficiently troublesome to warrant concern. The absence of Colorado case law defining the scope of review under § 13–22–214 is not particularly worrisome, both because the statute itself is fairly clear and because the legislature appears to have authorized resort to the case law of other states in § 13–22–223, Uniformity of Interpretation. To the extent Rule 109 is inconsistent with § 13–22–214, it would appear to be overridden.

Copper further contends that the Debtor has dislocated the state appellate procedures by removing the state court action. It is argued that a suit at the trial level to confirm an arbitration award is essentially an appeal. Such suits partake of some aspects of an appeal. Whatever the right to remove appeals generally, upon which no opinion is here expressed, a suit to confirm an arbitration award is sufficiently similar to a typical civil action to be grouped with such actions for removal purposes. See *Hetherington & Berner, Inc. v. Melvin Pine & Co.,* 256 F.2d 103 (2d Cir. 1958). Copper also argues that removal may result in extending the actual time of appellate proceedings. There is but one appeal from a judgment of the district court in Colorado and in bankruptcy court, so the argument goes, to the federal district court and thence to the court of appeals. This contention ignores the potential application of

28 U.S.C. § 1293(b), which provides for direct appeal to the court of appeals upon stipulation of the parties. In any event, the most pressing concern is concluding the present phase of the litigation. Accordingly, it is

ORDERED that the motion to abstain or remand be and the same hereby is denied.