**In re Roy Lee TIDWELL and wife, Mary Jane Tidwell, Debtors.**

**Roy Lee TIDWELL and wife, Mary Jane Tidwell, Plaintiffs,**

v.

**Robert Lee THOMAS et al., Defendants.**

**Bankruptcy No. 480–00056.**
**Adversary No. 480–0022.**

United States Bankruptcy Court,
N. D. Texas,
Fort Worth Division.

March 19, 1980.

Clifford McMaster, Fort Worth, Tex., for plaintiff.

Richard W. Wiseman, R. David Jones, Fort Worth, Tex., for defendant.

## MEMORANDUM OPINION

JOHN FLOWERS, Bankruptcy Judge.

Roy Lee Tidwell and wife, Mary Jane, chapter 13 debtors, have removed this cause of action from the 18th District Court of Johnson County, Texas. The debtors were the plaintiffs in the state court action brought against Robert Lee Thomas and other defendants to declare certain liens invalid on property alleged to be the Tidwell's homestead and to enjoin its foreclosure. Defendants have moved for remand on two grounds: (1) no jurisdiction exists to authorize removal because the state court had rendered judgment and, alternately, (2) the action has been fully litigated in the state court and it is inequitable to allow relitigation of the action in the Bankruptcy Court.

Certain facts are undisputed. On February 15, 1980, the state court judge orally announced his ruling following a jury trial. On February 20, 1980, the debtors filed a chapter 13 bankruptcy case. The state court judge signed a written judgment the same day the bankruptcy petition was filed.

In support of its first position the defendant points out that in Texas an oral announcement by the judge is considered the rendition of the judgment. *Dunn v. Dunn,* 439 S.W.2d 830 (Tex.1969); *Comet Aluminum Company v. Dibrell,* 450 S.W.2d 56 (Tex.1970). Debtors argue that notwithstanding the oral rendition of judgment rule the case remains "pending" and the court retains control over the judgment until 30 days after a written judgment is signed. Tex.R.Civ.P. 329(b); *Ex Parte Godeke,* 163 Tex. 387, 355 S.W.2d 701 (1962); *Marulanda v. Mendez,* 501 S.W.2d 366 (Tex. Civ.App.1973, writ ref'd n. r. e.); *Austin v. Austin,* 553 S.W.2d 9 (Tex.Civ.App.1977, writ dism'd). These distinctions are immaterial.

The bankruptcy removal statute, 28 U.S.C. § 1478, is a federal statute and federal law governs its interpretation. State procedural provisions cannot control removal privileges granted by federal statute. *Chicago, Rock Island and Pacific Railroad Company v. Stude,* 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317 (1954). The obvious policy behind § 1478 is to give the Bankruptcy Court broad discretion in the exercise of jurisdiction over disputes relating to Bankruptcy cases. The only limitation on removal is that the claim or cause of action be one over which the Bankruptcy Court has jurisdiction. The bankruptcy court's jurisdiction extends to all claims or causes of action relating to a bankruptcy case. 28 U.S.C. §§ 1471(b)(c), 1478(a). The bankruptcy court is also given authority to de-

cline jurisdiction in the interest of justice, 28 U.S.C. § 1471(d), or to remand on equitable grounds 28 U.S.C. § 1478(b).

■ There is jurisdiction in the bankruptcy court since the state court action is related to the bankruptcy proceeding. It clearly meets the relationship test because the debtors are parties to both. There are, however, strong equitable grounds to order the remand. First, the state court action does not interfere with the bankruptcy proceeding. The state court determined the debtors' ownership interest in certain property. Since the Bankruptcy Code does not provide rules for determining whether the debtor has an interest in property, it is necessary to look to non-bankruptcy law, generally state law, to make this determination. 4 Collier on Bankruptcy ¶ 541.02 (15th ed. 1979). Retaining the cause of action would require this court to apply the same law the state court already applied in making its determination. Second, this cause of action has been fully tried. To retain it would result in added expense to the litigants and loss of time and judicial economy. The debtors may appeal within the state court system to correct any errors in the trial. Permitting the removal of this case would in effect give plaintiffs a second trial and would not expedite or benefit the bankruptcy case. It is not the function of removal under § 1478 to afford an alternative to a state court appeal. Absent other reasons the bankruptcy court should refrain from the exercise of removal jurisdiction. The case shall be remanded to the state court.