**In the Matter of EMERALD CITY RECORDS, INC., d/b/a Oz Records & Tapes, Debtor.**

**EMERALD CITY RECORDS, INC., d/b/a Oz Records & Tapes and David Kaye, Plaintiffs,**

v.

**FIRST MEDIA CORPORATION, First Media of Georgia, Inc., Mid-Continent Adjustment Company and Lamb & Olsen, Defendants.**

Bankruptcy Nos. 80–02323A, 80–1269A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Feb. 25, 1981.

Frank B. Wilensky, Macey & Zusmann, Atlanta, Ga., for plaintiffs.

James A. Treanor, III, Dow, Lohnes & Albertson, Washington, D. C., for defendants First Media Corp. and First Media of Georgia, Inc.

T. Gordon Lamb, Lamb & Olsen, Atlanta, Ga., for all defendants.

## ORDER

A. D. KAHN, Bankruptcy Judge.

Plaintiffs Emerald City Records, Inc. ("Emerald City") and David Kaye ("Kaye") filed a motion to remand the proceeding they commenced in the Superior Court of Fulton County, Georgia, *Emerald City Records, Inc., d/b/a Oz Records & Tapes, and David Kaye v. First Media Corporation, First Media of Georgia, Inc., Mid-Continent Adjustment Company and Lamb & Olsen,* Civil Action No. C–68058 (Super.Ct. Fulton Co. Ga.1980), which all defendants jointly removed to this court. Plaintiffs' motion to remand also included a motion to abstain.

The complaint filed in the state court shows that Emerald City and Kaye are seeking actual and punitive damages from the defendants based on defendants' alleged malicious use of civil process stemming from the initiation of an involuntary bankruptcy proceeding which was filed by First Media Corporation against Emerald City in this court. *See In the Matter of Emerald City Records, Inc., d/b/a Oz Records & Tapes,* Case No. 80–02323A (Bankr.Ct.N.D. Ga.1981). The involuntary petition was subsequently dismissed, but this court retained jurisdiction to decide Emerald City's motions filed pursuant to Section 303 of the Bankruptcy Reform Act of 1978 (the "Code"), in which Emerald City is seeking damages for the alleged bad faith filing of the involuntary petition, as well as for bond. 11 U.S.C. § 303(i); 11 U.S.C. § 303(e).

The initial question to be decided after removal to this court is whether the bankruptcy court has jurisdiction over the state court claim. 28 U.S.C. § 1478(a).

The Code conferred a broad jurisdiction on the bankruptcy court. The jurisdictional statute states in part:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.
>
> (c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

28 U.S.C. § 1471(a)–(c).

Contrary to the defendants' assertion that the bankruptcy court has *exclusive* jurisdiction over Plaintiffs' claim, the complaint filed in state court does not represent a matter that is within the "original and exclusive jurisdiction" of the bankruptcy court as a case "under title 11." 28 U.S.C. § 1471(a). If the defendants were correct in their conclusion, this court would have no choice but to dismiss for want of jurisdiction in accordance with the doctrine of derivative jurisdiction. Charles Alan Wright, *Law of Federal Courts* 150 (3rd ed. 1976).

The cause of action does, however, fall within the original, but not the exclusive, jurisdiction of the bankruptcy court. 28 U.S.C. § 1471(b). The cause of action is a civil proceeding that is related to a case under title 11 that is currently pending in this court. *See In the Matter of Emerald City Records, Inc., d/b/a Oz Records & Tapes,* Case No. 80–02323A (Bankr.Ct.N.D. Ga.1981).

Having determined that the court does have subject matter jurisdiction, the court will proceed to determine whether the cause should be remanded to the state court.

The Code contains explicit grounds for remand:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground . . . .

28 U.S.C. § 1478(b).

This court finds that requiring Plaintiffs to litigate their cause of action in bankruptcy court would be unduly burdensome and inequitable. The state claim involves not only Emerald City and First

Media Corporation, which are parties to the Section 303 action, but it also includes four parties that are *not* party to the bankruptcy case before the court. Neither Kaye, a Plaintiff, nor three of the defendants are parties to the bankruptcy proceedings. Emerald City's position as debtor in the bankruptcy case should not be tied to the burden that Emerald City and Kaye as Plaintiffs must necessarily carry in order to prevail on the merits of the state court claim, nor should Kaye's state cause of action be tied to a bankruptcy remedy of which he has no part. The difference in the rights accorded to a debtor pursuant to Section 303 of the Code and the rights accorded Plaintiffs in a common law cause of action is such that it is inequitable to permit the linkage of the two in this case. For example, the right to a jury trial is accorded under state law, but such a right is not accorded under Sections 303(e) and 303(i). 11 U.S.C. § 303(e); 11 U.S.C. § 303(i); *Ga.Code Ann.* § 2–4401 (1977).

Remand of this case to the state court on these equitable grounds will not deprive defendants of any rights they have under federal law, particularly in view of the fact that three of the defendants are strangers to the remaining bankruptcy questions. First Media Corporation, as petitioner in the Section 303 case, already enjoys the rights accorded that status under bankruptcy law. The remaining defendants, who are not parties to the bankruptcy case, will enjoy the full protection of their rights in the state court proceeding. Furthermore, the defendants' right of removal is a statutory right,[1] and as such it is limited by the court's power to remand on equitable grounds. 28 U.S.C. § 1478(b).

This court's decision to remand eliminates the necessity for deciding whether the case is a proper one for abstention.

Therefore, because the court finds that it would be inequitable to hear the removed cause of action in this court based on the particular circumstances of this case,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Civil Action File No. C–68058 (Adversary Case No. 80–1269A) be, and the same is, REMANDED to the Superior Court of Fulton County for further proceedings.

IT IS FURTHER ORDERED that a pretrial on Debtor's Motion for Imposition of Damages and Debtor's Motion for Bond in *In the Matter of First Media Corporation, d/b/a WZGC–FM vs. Emerald City Records, Inc., d/b/a Oz Records & Tapes,* Case No. 80–02323A, shall be before the undersigned on the 31st day of March, 1981, at 2:30 P.M., in chambers, U. S. Court of Appeals Courthouse, 56 Forsyth Street, N. W., Atlanta, Georgia.