**In re COUSINS RESTAURANTS, INC., Debtor.**

**Bankruptcy No. 80–21512.**

United States Bankruptcy Court, W. D. New York.

June 15, 1981.

John J. Keigher, Rochester, N. Y., for Town of Henrietta.

Lloyd H. Relin, Rochester, N. Y., for debtor.

James B. Doyle, Rochester, N. Y., for Creditors' Committee.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

A Motion has been made by the debtor to enjoin the Town of Henrietta from seeking to enforce the provisions of its zoning ordinance in the Town of Henrietta Justice Court. Oral arguments have been had on this issue and Memorandums of Law have been submitted by both parties.

The facts follow. Cousins Restaurants, Inc. is the debtor-in-possession and has operated a nightclub disco under the name of Tidbits at 5375 West Henrietta Road in the Town of Henrietta, New York since July of 1980. Before that the debtor operated the property as a restaurant. In November of 1980, Cousins Restaurants, Inc. filed a petition under Chapter 11 of the Bankruptcy Code.

The disco, known as Tidbits, is located in one of the Town's commercial districts. The Town of Henrietta Code does not specifically prohibit the operation of a disco in a commercial district but it does require that operators obtain a special permit for such use. Special permits are also required for restaurants. The debtor had obtained a restaurant permit prior to July of 1980 but when it changed from a restaurant to a nightclub disco in July of 1980 it did not ask for or receive a disco permit.

The Town's position in this matter is that Chapter 11 cannot be used as a sanctuary for debtors who wish to conduct business in derogation of local law. The Town feels that it is properly exercising its police and regulatory powers and that the dispute over land use and zoning regulations is one properly triable in the appropriate State Courts.

The debtor argues that the Town's action is not motivated by public health and welfare considerations but is solely an attempt to interfere with and to frustrate debtor's reorganization. The debtor asks this Court not only to stay the Town's action but to use its broad equitable powers to fashion a just resolution of the land use controversy.

522

This Court does have subject matter jurisdiction to decide such issues, 28 U.S.C. § 1471, and has the power to fashion a remedy, 11 U.S.C. § 105.

But 11 U.S.C. § 362(b)(4) of the Bankruptcy Code exempts from the automatic stay of 11 U.S.C. § 362(a) "the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental units police or regulatory power." Furthermore, 28 U.S.C. § 1478(a) prohibits the removal to a Bankruptcy Court of an action dealing with a governmental unit's police or regulatory power. Basically, 11 U.S.C. § 362(b)(4) and 28 U.S.C. § 1478(a) "reflect a Congressional deference to states and a policy not to permit the bankruptcy laws to interfere too greatly with state regulatory or police power proceedings." (1 Collier Bankruptcy Manual ¶ 3.01[2] at 3–26.)

In the case at bar, the debtor, prior to entering the Chapter 11 proceeding, was operating a nightclub disco but was operating it in derogation of the Town of Henrietta's zoning laws which require a special permit. A special permit may be obtained from the Town of Henrietta only after a public hearing. (Henrietta Code § 127–13B.) If the debtor feels that the requirement of a special permit to operate a disco on the Town's part is arbitrary, it will find ample protection of its rights in the State Courts. If this Court were to stay the Town's action on the grounds asserted by the debtor, it would tacitly be saying that due process of law is not alive and well in the State of New York.

Therefore, debtor's motion for a stay should be denied and the Town is permitted to continue its action in the Town Justice Court and it is so ordered.