In re PEMBERTON PUB, INC., Debtor.

**951 PLYMOUTH RESTAURANTS,
INC., Plaintiff,**

v.

**PEMBERTON PUB, INC., Defendant.**

Bankruptcy No. 81–2111–HL.
A. P. No. A81–1015.

United States Bankruptcy Court,
D. Massachusetts.

Dec. 23, 1981.

Allan R. Curhan, Tighe, Curhan, Piliero & Case, Boston, Mass., for 951 Plymouth Restaurants, Inc.

Robert Robinson, Widett, Slater & Goldman, Boston, Mass., for Pemberton Pub, Inc.

Guterman, Horvitz, Rubin & Rudman, Boston, Mass., for Kane-Miller Corp., Center Plaza Associates, Joseph M. Ian.

## MEMORANDUM AND ORDER ON COMPLAINT TO BE RELIEVED OF THE STAY

HAROLD LAVIEN, Bankruptcy Judge.

On the complaint of 951 Plymouth Restaurants, Inc., who is the sub-landlord seeking to be relieved of the stay, service having been made, the Debtor having answered, and hearing having been held. The statements of counsel having been taken as a representation of the evidence which might be produced at a full evidentiary hearing, I find the following facts.

The Debtor filed its Chapter 11 on November 23, 1981. The Plaintiff is the tenant of certain premises situated at One Center Plaza in Boston under a written lease. On July 18, 1974, it sublet the premises to the Debtor.

The Debtor claims that an oral modification of its sub-lease, which took place in 1977, would have given it a right to have the Plaintiff exercise a 10-year option in the prime lease. That option was to have been exercised by February, 1981 and, presumably, the Plaintiff has failed to do so. The Debtor ceased paying rent on July 1, 1981, and has paid no rent since that time. The Debtor brought an action in the Suffolk Superior Court to prevent the termination of the lease. An initial ex parte Restraining Order was issued; however, the Debtor failed to pursue the matter and allowed the Restraining Order to die.

The Plaintiff, in turn, gave the statutory notice of termination dated August 13, 1981, which was served on August 19, 1981. On October 19, 1981, after the termination of the stay, the Plaintiff filed its summary process action in the Municipal Court for the City of Boston, service having been made on October 9, 1981. Answer was due on October 26, 1981 and trial took place on November 12, 1981 at which both parties were represented and participated. On November 13th, the Court found for the Plain-

tiff in the sum of $29,431.38 and for possession. Judgment issued November 16, 1981. An appeal to the Superior Court was filed. The sub-lease terminated on October 26, 1981 under Mass.Gen.Laws ch. 186 § 11, when the answer was due and the arrearage in rent was not paid, and no defense to the default was accepted by the Court.[1]

> Upon the neglect or refusal to pay the rent due under a written lease, fourteen days' notice to quit, given in writing by the landlord to the tenant, shall be sufficient to determine the lease, unless the tenant, on or before the day the answer is due, in an action by the landlord to recover possession of the premises pays or tenders to the landlord or to his attorney all rent then due, with interest and costs of suit. Mass.Gen.Laws ch. 186 § 11.

This Court cannot now cure the lease termination, as provided by the Massachusetts statute. *Good Hope Refineries, Inc. v. Benavides*, 602 F.2d 998 (1st Cir. 1979) cert. denied 444 U.S. 992, 100 S.Ct. 523, 62 L.Ed.2d 421 (1979); *Schokbeton Industries, Inc. v. Schokbeton Products Corp.*, 466 F.2d 171 (5th Cir. 1972); *Robertson v. Langdon*, 72 F.2d 148 (7th Cir. 1934).

The Debtor now seeks to have this Court continue the Chapter 11 automatic stay and void the termination of the lease on the basis of a theory of estoppel grounded on an alleged conspiracy by the landlord and the sub-landlord to deliberately breach the oral agreement of 1977 relative to the exercise of the option. The Debtor has not sought to remove either of the state court actions to this court under 28 U.S.C. § 1478(a) but, instead, has filed a new complaint in this court. The new complaint adds the allegation of a conspiracy to defraud the Plaintiffs, adds new defendants, and adds the individual stockholders of the Debtor as plaintiffs. Since these individual stockholders are not debtors under the Code, the

proceeding filed in the Bankruptcy Court not only deals with the claims of the Debtor against certain defendants but also with the claims of non-debtor plaintiffs who, under some of the counts, may recover damages independent of the Debtor.

11 U.S.C. § 362(d) provides for the lifting of the automatic stay on request, after notice and hearing, for cause, including the debtor having no equity and that the property is not necessary for an effective reorganization. 11 U.S.C. § 362(e) provides for dissolving the stay if the reasonable likelihood is that the party opposing relief will not prevail. 11 U.S.C. § 362(g) places the burden of proof on the debtor except as to equity.

Here, no rent has been paid since July 1, 1981, and none tendered prior to the time the answer in the summary process proceeding was due on October 26, 1981. It might be noted in passing that if the lease was as valuable to the Debtor as stated by counsel in court and the business as profitable, it would have been the course of prudence to have avoided the termination of the lease by paying the overdue rent. As it is, the Debtor has no substantial equity since the sub-lease was terminated and, in any event, the primary lease expires by its terms in just two months, on February 28, 1982.

Counsel now seeks to modify the position he originally took in two earlier proceedings in stating that the lease was not essential to reorganization. After he initially volunteered the statement, he was expressly questioned by the Court and he repeated the statement, explaining that if the restaurant could not operate at the present location, a successful plan would be possible if his suit was successful. This now brings the Court to the main consideration.

In addition to the summary process trial, which is now on appeal, the Debtor brought

1. Rule 5 of the Uniform Summary Process Rules seems to provide for the use of non-compulsory counterclaims as a defense. To quote from the Rule Commentary:

> "... recognizes the statutory right of summary process defendants to assert counterclaims".

The Debtor argues that that Rule is controlled by Mass.Gen.Laws ch. 239 § 8A which seems to indicate that counterclaims can only be presented in summary process actions dealing with residential properties. In any event, that does not change the effect of Mass.Gen.Laws ch. 186 § 11.

a Superior Court equity action in which the contention of an orally modified lease, the statute of frauds, conspiracy and fraud sufficient to void lease terminations, and equitable rewriting of leases all could have been raised. Little, if any, of the allegations are newly discovered, and counsel admits that in the Superior Court action to enjoin eviction where one would have expected the strongest possible allegations to be made, the allegations of landlord conspiracy were deliberately left out. Counsel now seeks to have this Court give him a fresh attempt to rewrite his complaint, something he can probably still do by amendment in the equity action. While the Court would have the power to do so, under its broad grant of jurisdiction pursuant to 28 U.S.C. § 1471, no compelling reason has been put forth for not permitting the state courts to conclude these matters. The Bankruptcy Court's jurisdiction is not intended to provide an alternative to the state court appellate process, or to use a somewhat trite expression, to provide a second bite at the apple. The matter of Landlord & Tenant law, the relationship and the manner in which leases are normally terminated and the question of an equity court rewriting a lease because of mistake or fraud, are all matters normally and naturally handled by the state court. This should be particularly true in the present situation where there is no bankruptcy issue involved and the state court is apparently ready to proceed with an expeditious determination of these matters. The Court should restrain from exercising its jurisdictional power to supercede the state court in the interest, not only of cooperation and comity between the courts, but in the interest of judicial economy and the expeditious and economical determination of litigation for the parties. *In re Hurt,* 7 B.C.D. 398, 9 B.R. 749, 4 C.B.C.2d 26 (Bkrtcy.N.D. Ga.1980); *In re Tidwell,* 6 B.C.D. 622, 4 B.R. 100, 2 C.B.C.2d 172 (Bkrtcy.N.D.Texas 1980).

The balancing of irreparable harm is often a consideration in the granting or continuing of stays. To the extent that is a relevant consideration here, the balance favors the Plaintiff. Should the Debtor pre-vail, the premises are there and damages would be available. Should the stay continue beyond February 28 and the Plaintiff ultimately prevail, it would have become liable to the prime landlord for the loss of very substantial damages which it would be unable to recover from the insolvent Debtor.

One of the grounds traditionally used by courts in denying the continuance of the stay is that they have been unable to find a reasonable likelihood of success. Since these matters will be decided in the state court, I refrain from actually making that determination except to point out that even accepting counsel's allegations of the evidence to be presented, the Debtor has the burden of proof and, in this case, that might well be a heavy one.

These are appropriate proceedings and, I use the plural advisedly for although the Court was scheduled only to hear the matter of relief from stay, all counsel including counsel for the Creditor's Committee, argued the recently filed complaint of the Debtor. That complaint raises issues which can be raised in the state court proceeding. It would hardly serve the goal of economical and expeditious handling of these matters for there to be two parallel proceedings, one in the state court and one here. *See In re Jewel Terrace Corp.,* 6 B.C.D. 28, 3 B.R. 36 (Bkrtcy.E.D.N.Y.1980) (court abstained where there had been a prior state court proceeding and the issue involved landlord-tenant law). In the interests of justice, this Court will abstain and allow these matters to be resolved in the state court. 28 U.S.C. § 1471(d).

For the reasons stated above, and in order to enable the state court to proceed under this abstention, the stay is lifted.