**In the Matter of WILD OAKS UTILITIES, INC., Debtor.**

**Bankruptcy No. 81 B 20740.
Adv. No. 82ADV6011.**

United States Bankruptcy Court,
S. D. New York.

March 30, 1982.

Reich & Reich, White Plains, N. Y., for Wild Oaks Utilities, Inc., Dittelman, Kirwin & Dittelman, Ossining, N. Y., of counsel.

McGroddy & Davidson, Mount Kisco, N. Y., for defendants.

Gerald W. Matlin, Mount Kisco, N. Y., for proposed intervenor defendant.

## DECISION ON MOTION FOR REMAND TO STATE COURT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The defendants in a state court case that was removed to this court by the Chapter 11 debtor pursuant to 28 U.S.C. § 1478(a) have moved to remand the case to the state court in accordance with 28 U.S.C. § 1478(b).

## FACTS

The debtor, Wild Oaks Utilities, Inc., (hereinafter called "Utilities"), a wholly owned subsidiary of Wild Oaks Park, Inc., is a sewage works corporation formed pursuant to Article 10 of the New York Transportation Corporations Law and owns and operates a sewage treatment plant and related facilities serving land in the Wild Oaks Sewer District of the Town of Lewisboro, Westchester County, New York. There are presently 184 housing units served by the debtor, all of which are either owned by the parent corporation, or were sold by the parent corporation.

On December 23, 1981, Utilities filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. One of the reasons for the commencement of the Chapter 11 case was to obtain the benefit of the automatic stay under 11 U.S.C. § 362 so as to restrain the prosecution of a pending tax foreclosure proceeding by the Town of Lewisboro because of Utilities' failure to pay its real estate taxes and the real estate taxes owed by its parent corporation, Wild Oaks Park, Inc., which it assumed pursuant to an agreement with its parent.

The defendants in the removed action are the Town of Lewisboro and its present and former supervisors and Town Board members.

The action against these defendants which the debtor, Utilities, removed to this court, was commenced by Utilities on July 28, 1981 in the Supreme Court of the State of New York, Westchester County. The complaint alleges five causes of action. The first and second causes of action seek a declaration that the sewage rates proposed by Utilities for the periods 1977–1978 and 1979–1980 are fair and reasonable. The third cause of action claims a confiscation of Utilities property and seeks damages to the extent of Utilities' capital investment. The fourth cause of action alleges that the defendants violated 42 U.S.C. § 1983 by denying Utilities' civil rights and due process, thereby causing damage to Utilities. The fifth cause of action seeks a declaration

that Section 121 of the Transportation Corporations Law is invalid and unconstitutional.

Pending the trial of the state court action, Utilities sought and obtained from the New York Supreme Court, Westchester County, a preliminary injunction establishing an interim sewage rate for 1979, 1980 and 1981 at the amounts proposed by the Town of Lewisboro and a one-time special assessment referred to as a connection fee of $139.48 for each single family house connected to the debtor's system and $69.74 for each garden apartment so connected. The preliminary injunction was conditioned on Utilities posting a $5,000 undertaking, and was intended to avoid an in rem foreclosure and to provide operating revenue to Utilities during the pendency of the action. Thereafter, Utilities filed its Chapter 11 petition with this court.

The same parties had previously engaged in an earlier litigation with respect to the years 1975 and 1976. The prior case was also instituted by Utilities in the Supreme Court, Westchester County, for damages and for a judgment that the Town of Lewisboro's proposed rate for 1975 and 1976 were unreasonable. In a decision dated October 22, 1976, the New York Supreme Court established rates of $1.56 per thousand gallons for 1975 and $1.28 per thousand gallons for 1976. That decision was unanimously affirmed on appeal to the Appellate Division, Second Department of the New York Supreme Court.

The Town of Lewisboro contends that Utilities' lack of operating revenues is due to the fact that it is operating at only 45% of capacity and that the sewage system was installed by Utilities' parent corporation, a land developer, in order to facilitate sales of the parent corporation's land. The Town of Lewisboro further argues that in setting fair and reasonable rates consideration must be given to the benefit the sewage works corporation creates for its land-owning parent. In other words, the defendants question whether a subsidiary of a land developer must earn a profit while operating at 45% of capacity. The Town of Lew-

isboro further notes that in determining the validity of Utilities' claim for damages the court will have to decide questions relating to the qualified immunity of local officials acting in a quasi-judicial function as well as the propriety of the reliance by local officials on the prior state court decision setting forth the proper method for calculating rates.

All parties agree that the governing statute pursuant to which Utilities asserts its claim for sewage rates is Section 121 of the Transportation Corporations Law of the State of New York, which provides:

> "A sewage-works corporation shall supply each city, town, village or other municipal area or district wherein such corporation operates, and the inhabitants therein, with facilities or make provision for the collection, treatment and disposal of sewage at fair, reasonable and adequate rates agreed to between the corporation and the local governing body or bodies . . .".

The difficulty with this statute is that it provides no remedy should the parties fail to agree and leaves open the question as to what procedure should be followed upon disagreement between Utilities and the Town Board. In order to rectify this situation, the New York Supreme Court entertained an Article 78 proceeding under the New York Civil Practice Law and Rules and established a method and procedure to be followed in calculating a fair and reasonable sewage rate, based upon the evidence submitted by the parties with respect to the various elements in dispute. The court reasoned that it was "reasonable to adopt a rate system which takes into consideration not only the present users of the system, but future users as well. Indeed, to hold otherwise would, as defendant claims, permit plaintiff to recover the cost of the system twice, once through rates and once through land profits by the parent corporation with which [sic] plaintiff and a third corporation file consolidated tax returns for obvious tax advantage."

Utilities urges that there has been a change in circumstances since the New

York Supreme Court's decision in 1976, which requires a reexamination of the validity of the connection fee as a sufficient revenue source insofar as it relates to the need for funding current operating expenses as opposed to the recovery of capital charges. The defendants respond to this point by noting that Utilities' parent corporation could remedy the situation by selling the remainder of the land it proposes to develop so as to permit Utilities to collect additional connection charges. Moreover, the defendants maintain that once Utilities operates at 100% of capacity it will be able to stand on its own feet. Thus, the defendants state that the remedy for Utilities' ills is within its parent corporation's control and that Utilities should not try to make the present users of the system pay for its inability to collect its authorized charges.

Some of the present users have formed an ad hoc entity, referred to as the Wild Oaks Customers Legal Fund (hereinafter called "Customers"), and have moved this court for an order permitting them to intervene as a defendant in the removed action because they contend that the established sewage rates are fair and reasonable and that the Town of Lewisboro, in adopting these rates, was neither arbitrary nor capricious since it was lawfully acting pursuant to the applicable New York State statute, which is alleged to be constitutional. Customers further asserts that it has a direct and pecuniary interest in the subject matter of this action because the homeowners located in the area served by Utilities' sewage disposal operations would have to bear the cost of any increases in the sewage rate.

Fundamental to the dispute between the parties is the constitutionality of the controlling statute, Section 121 of the Transportation Corporation Laws of New York. Utilities reasons that it and other sewage works corporations are denied due process of law as guaranteed by the New York State Constitution and the Constitution of the United States because they are required to petition a legislative body to obtain sufficient revenues to provide a fair and reasonable return without any standards or guidelines as to the methods or procedures which are to be followed or included in determining the sewage rates. Utilities further contends that the Town Board, as the local governing body, has unfettered discretion in negotiating an agreement as to rates without any requirement that the basis for any determination be set forth as part of a public record, or permitting the sewage works corporation an opportunity to be heard or to cross-examine the persons submitting or furnishing information and evidence on which the Town Board acts in making its determinations. Utilities also observes that since New York State is not a party to the removed action, it is prepared to give due notice to the New York Attorney General so that he may also be permitted to intervene, as required by state law, in order to support the constitutionality of the state statute.

In support of this court's retention of the removed case, the debtor asserts that the interests of all parties will best be served by the expeditious resolution of all issues relating to the debtor's rehabilitation in the Bankruptcy Court, "which provides an efficient forum for the hearing and determination of all issues related to, and interwoven with, cases over which it has jurisdiction."

## DISCUSSION

The issue to be decided is whether or not a bankruptcy court should entertain, or remand under 28 U.S.C. § 1478(b), a state court case removed to this court by the debtor in which the debtor seeks to determine fair and reasonable sewage rates and collect damages under a state statute which the debtor claims is unconstitutional and violative of a federal civil rights law. The defendants, who are supported by local homeowners who desire to intervene in the removed action, seek a remand to the state court. They have raised issues as to the qualified immunity of local officials acting in a quasi-judicial function as well as the reasonableness of the sewage rates based upon a method and procedure established by an earlier state court decision, which was affirmed on appeal to the Appellate Divi-

sion, Second Department of the New York Supreme Court. A resolution of all of the issues raised will implicate the New York State Attorney General, acting in support of the constitutionality of the state statute as well as the intervention of the homeowners who may be affected by a change in the permitted sewage rates.

The parties do not question that this court may assert jurisdiction over the state court case that was removed to this court because subsections (b) and (c) of 28 U.S.C. § 1471 combine for the purpose of conferring original but not exclusive jurisdiction upon a bankruptcy court of all civil proceedings arising under title 11 or arising in or related to cases under title 11. Moreover the debtor's removal of its state court case against the Town of Lewisboro with regard to the appropriateness of its proposed sewage rates was proper because 28 U.S.C. § 1478(a) expressly authorizes a party to remove a state court cause of action to the bankruptcy court for the district where such civil action is pending, if the bankruptcy court has jurisdiction over such cause of action. The parties differ as to whether or not this court should remand the removed case to the state court where the debtor originally commenced the action. The governing statutory provision is 28 U.S.C. § 1478(b), which reads as follows:

"§ 1478. Removal to the bankruptcy courts.

.    .    .    .    .

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise."

There is minimal legislative history to guide the courts in the exercise of the discretionary power of remand. Reference may be had to the analogous concept of abstention expressed in 28 U.S.C. § 1471(d) where the legislative history suggests that the exigencies that arise in such cases as *Thompson v. Magnolia Petroleum*, 309 U.S.

478, 60 S.Ct. 628, 84 L.Ed. 876 (1940), may require that it is more appropriate to have a state court hear a particular matter of state law. *House Report No. 95–595*, 95th Cong. 1st Sess. 446 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. The *Thompson* case required interpretation under Illinois law of instruments granting a railroad its right of way. The Supreme Court's deferral to the Illinois courts was based on the uncertainty created by a lack of pertinent Illinois statutory or case law. Thus, where there are important state or local interests at stake but a lack of controlling state law precedent, it is appropriate for a bankruptcy court to abstain under 28 U.S.C. § 1471(d) from hearing a particular proceeding arising in or related to a case under title 11.

The cases emerging under 28 U.S.C. § 1478(b) have considered certain equitable elements to be relevant in the exercise of their discretion to remand, which were set forth as follows in *In re U.S. Air Duct Corp.*, 8 B.R. 848, 854, 7 B.C.D. 242, 246 (Bkrtcy.N.D.N.Y.1981):

"(1) duplicative and uneconomical effort of judicial resources in two forums; (2) prejudice to the involuntarily removed parties; (3) forum non conveniens; (4) a holding that a state court is better able to respond to a suit involving questions of state law; (5) comity considerations; (6) lessened possibility of an inconsistent result; and (7) the expertise of the court in which the matter was pending originally, e.g., a Court of Claims, or the United States Customs Court."

Thus, where a remand to the state court from whence the case was removed would only entail a duplication of effort and multiplicity of litigation, a retention of the case by the bankruptcy court would be appropriate. *In re Brothers Coal Co. Inc.*, 6 B.R. 567, 6 B.C.D. 1066, 3 C.B.C.2d 31 (Bkrtcy.W. D.Va.1980). There the removed action involved the validity of a nondebtor's guarantee based upon compliance with the Uniform Commercial Code of Virginia. See also *In re Trina-Dee, Inc.*, 14 B.R. 482 (Bkrtcy.E.D.Pa.1981) where the court re-

tained the debtor's action against an attorney for legal malpractice relating to the purchase of the debtor's major asset because the court found there existed no equitable grounds requiring a remand.

Other bankruptcy courts have expressed concern that where complicated state court issues were involved in removed state court cases which would require extended periods of trial time, remand was proper under 28 U.S.C. § 1478(b) because retention of the cases would impose additional burdens on the time of a single judge bankruptcy court, especially where the defendants would not be deprived of asserting in the state courts any rights they might have under federal law. *In re Alton Telegraph Printing Co., Inc.*, 16 B.R. 787, 8 B.C.D. 428, 5 C.B.C.2d 672 (Bkrtcy.S.D.Ill.1981); *In re Emerald City Records*, 9 B.R. 319, 3 C.B.C.2d 930 (Bkrtcy.N.D.Ga.1981).

■ One of the most important considerations militating in favor of a remand is the fact that in a particular case a state court might be better able to respond to a suit involving questions of state law. *In re Calabria*, 5 B.R. 73, 6 B.C.D. 441, 2 C.B.C.2d 113 (Bkrtcy.Conn.1980); *In re Alton Telegraph Printing Co. Inc.*, supra; *In re Ebrights Refrigeration Equipment Co.*, 13 B.R. 546, 4 C.B.C.2d 1543 (Bkrtcy.S.D.Ohio 1981). However, if the state law issue is not particularly troublesome, such as the confirmation of a state court arbitration award, remand under 28 U.S.C. § 1478(b) is not necessary. *In re Project Oneco Inc.*, 3 B.R. 284, 6 B.C.D. 72, 1 C.B.C.2d 711 (Bkrtcy.Col.1981). On the other hand, where there is no state law in point and the issue is one of unsettled law, it has been held that the case should be decided in state court and not in a bankruptcy court. *In re Kimrey*, 10 B.R. 466, 7 B.C.D. 625, 4 C.B. C.2d 254 (Bkrtcy.N.Car.1981).

In line with considerations of comity and in order to lessen the possibility of an inconsistent result, bankruptcy courts have held that where a state court has entered a judgment in the case, remand is appropriate because the parties should not relitigate the same issues again in the bankruptcy court,

nor should the bankruptcy court be used as an alternative to a state court appeal. *In re Harlow*, 13 B.R. 475, 5 C.B.C.2d 214 (Bkrtcy.Vt.1981); *Hurt v. Cypress Bank*, 9 B.R. 749, 7 B.C.D. 398, 4 C.B.C.2d 26 (Bkrtcy.N.D.Ga.1981); *In re Tidwell*, 4 B.R. 100, 6 B.C.D. 622, 2 C.B.C.2d 172 (Bkrtcy.N. D.Tex.1980).

■ In this case the governing state statute is unclear as to standards, enforcement and review. Its constitutionality is questioned in the litigation for these apparent difficiencies. A state court has already decided a previous case between these same parties in the context of the statute and has established local sewage rates based upon factors which that court found to be relevant and proper. This court will not now entertain another action to relitigate the same issues, albeit for different years, especially since the state court decision was affirmed on appeal. The same state court possesses the expertise and competence to review the factors it previously considered in order to determine whether or not the state statute is constitutional, and if so to proceed to decide the appropriate sewage rates that should be applicable to the relationship between the Town of Lewisboro, the local homeowners affected thereby and the debtor. That the sewage system is operating at 45% of capacity for the benefit of a parent land developing corporation that installed the sewage system in order to facilitate sales of its land is a matter which raises policy considerations which should be determined in a local setting by a state court, especially since consideration must be given to the issue of qualified immunity claimed by local officials acting in a quasijudicial function and their reliance upon the state statute and the previous state court decision involving the same parties.

No compelling reason has been shown by all the parties, including the local homeowners who wish to intervene in this removed case, why they cannot obtain due process of law in the state court without interrupting the bankruptcy case pending in this court. In a similar setting, another New York town sought to enforce its zoning regula-

tions in a local court against a debtor in a Chapter 11 case under the Bankruptcy Code. The bankruptcy court in *In re Cousins*, 11 B.R. 521, 8 B.C.D. 15, 16 (Bkrtcy.W. D.N.Y.1981) refused to interfere with the local case and said:

> "If this Court were to stay the Town's action on the grounds asserted by the debtor, it would tacitly be saying that due process of law is not alive and well in the State of New York."

Since this court believes that prior decisions in the state courts involving these parties attest to the salutary manner in which due process of law is enjoyed in the State of New York, this court will not presumptuously undertake to decide a matter that is best left to the capable expertise of the state court system.

Accordingly, the defendants' motion pursuant to 28 U.S.C. § 1478(b) to remand to the state court the sewage rate case that the debtor removed to this court is granted.

SUBMIT ORDER on notice.