**In re Steven LAROCQUE and Michele Larocque, Debtors.**

**Bankruptcy No. 84–128.**

United States Bankruptcy Court, D. Vermont.

Feb. 7, 1985.

Douglas J. Wolinsky, Burlington, Vt., trustee, pro se.

Christopher Baril, Asst. U.S. Atty., Bennington, Vt., for U.S. Dept. of Agriculture, Agricultural Stabilization and Conservation Service.

Robert Bent, St. Johnsbury, Vt., for Lyndonville Savings Bank, intervenor.

## MEMORANDUM OPINION

CHARLES J. MARRO, Bankruptcy Judge.

The matter is before the court on the motion of the Trustee for removal of the subject matter of an administrative proceeding within the U.S. Department of Agriculture to the Bankruptcy Court. The matter came on regularly for a hearing. From the records in the case and the representations of counsel at the hearing the following facts were established.

## FACTS

The debtors, Steven and Michele Larocque, entered into a contract with the United States under which the debtors undertook to comply with a milk reduction plan administered by the Department of Agriculture in return for compensation equivalent to the value of the milk that the debtors agreed not to produce. The contract obligates the debtors (1) to reduce the quantity of milk marketed for commercial use during the five-quarter period between January 1, 1984 and March 31, 1985, and (2) to not transfer any dairy head from their location as of the date of the execution of the contract to any other place during the life of the contract. The federal regulations governing the administration of the contract, and the contract language itself, provides in substance that any breach, if established at an administrative hearing conducted pursuant to the statutory delegation of authority, may subject the obligor to a fine and to forfeiture of any and all monies received as payments during the life of the contract.

On September 11, 1984, roughly five weeks after the debtors filed the voluntary chapter 7 petition commencing this case, the administrative body charged with supervision of the instant contract held an official meeting, after notice to the debtors and to their attorney, for the purpose of inquiring into alleged violations of the contract. In broad terms, the purpose of the meeting by the Agricultural Stabilization Conservation Service County Committee ("County Committee") was to enforce its regulatory power as a governmental unit. The County Committee issued administrative findings on September 13, 1984; the findings stated that the contract had been breached. Accordingly, the County Committee required the debtor to refund all compensation received under the contract. The County Committee also assessed a penalty fine.

The County Committee findings included a brief statement of the contract obligor's appeal rights under 7 C.F.R., Part 780. Neither the trustee, who was present at the county committee meeting, nor the debtors took an administrative appeal from the County Committee determination.

On September 26, 1984 the trustee moved for a turnover of property, specifically, for the turnover of $10,922.40 of future payments scheduled under the con-

tract. The contract schedule provided for payment of such funds in two installments, one in January 1985 and one in April 1985. Also on September 26 the trustee filed for a removal of the County Committee proceeding to the Bankruptcy Court.

## DISCUSSION

■ Bankruptcy Code ("Code") section 362(b)(4) exempts from the automatic stay of Code section 362(a) "the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." Under this section, the official meeting of the County Committee on September 11, and the issuance of its findings on September 13, as actions of a governmental unit enforcing its regulatory power, did not constitute a violation of the automatic stay.

■ The trustee objects that the debtors' due process rights were violated at the County Committee meeting. However, the Bankruptcy Court is not a vehicle for horizontal appeal, and the debtors chose to file no appeal with the executive agency and to forego the opportunity for District Court review as provided by law. The trustee also protests that at the County Committee meeting the burden of proving compliance with the contract was put on the contract obligor. However, in haec verba the contract places the burden of proving compliance on the contract obligor. The trustee's dispute with the contract provisions do not appear to be a denial of due process, and should a denial of due process have taken place, the debtors were positioned to act in timely fashion to preserve their appeal from the County Committee determination.

■ Boiled down, the trustee's purpose in moving for removal is to gain, if possible, an opportunity to reargue before the court the subject matter of the Department of Agriculture administrative hearing. Although the executive agency has primary jurisdiction over the instant matter, there is jurisdiction in the court since the matter is related to the bankruptcy proceeding. There are however strong equitable grounds for the court to abstain. First, the cause has already been fully heard and determined by the administrative agency charged with responsibility to handle all matters pertaining to the Milk Diversion Program. Second, the resolution of the dispute between the debtors and the agency involves substantially the exercise of administrative discretion. Third, judicial self-restraint, i.e. abstention, is appropriate generally with respect to regulatory enforcement matters. See generally Western Union Tel. Co. v. Graphic Scanning Corp., 360 F.Supp. 593, 595 (S.D.N.Y.); Cavanagh Communities Corp. v. New York Stock Exchange, Inc., 422 F.Supp. 382, 385, 386 (S.D.N.Y.). The policy behind statutory removal to bankruptcy court gives the bankruptcy court broad discretion in the exercise of its jurisdiction. See, e.g., In re Tidwell, 4 B.R. 100, 6 B.C.D. 622, 623 (Bankr.N.D.Tex.1980). The court also has authority to decline to exercise its jurisdiction. Id. Thus the court has wide latitude to permit the instant matter to rest in its place of origin. See, In re Harlow, 12 B.R. 1, and 13 B.R. 475 (Bankr.D.Vt.1981) (motion for removal dismissed). With respect to the instant matter, the court considers it appropriate to refrain from interceding where the debtors have been provided an opportunity to be heard.

Judgment to be entered accordingly.