**In re HISTORIC LOWER MILL ASSOCIATES, Debtor.**

**In re Basil T. ELMER, Jr., Debtor.**

**Bankruptcy Nos. 85–20365, 85–20384.**

United States Bankruptcy Court, W.D. New York.

May 20, 1985.

Osborn, Considine, Reed, Vandevate & Burke by Douglas E. Ulrich, Rochester, N.Y., for the Village of Honeoye Falls.

Relin & Goldstein by Lloyd H. Relin, Rochester, N.Y., for debtors.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The applicants, Historic Mill Associates, a debtor-in-possession under Chapter 11, and Basil T. Elmer, Jr., a debtor under Chapter 13, made a motion returnable in this Court seeking an Order of this Court enjoining the Village of Honeoye Falls, New York from continuing its action in New York State Supreme Court to enforce a pre-petition judgment granted by the New York State Supreme Court against the debtor.

The facts are not disputed. On September 13, 1984, the Village of Honeoye Falls, hereinafter referred to as the Village, commenced an action in the New York State Supreme Court to enjoin and restrain the debtors from using or maintaining the debtor's property located at 61 North Main Street, Honeoye Falls, New York. The debtor and the debtor-in-possession had failed to receive a certificate of occupancy from the Village which is required to be in place before buildings in the Village can be used for commercial purposes. As a result of this action, a default judgment order was entered by the State Supreme Court on November 20, 1984 enjoining and restraining the debtor from using or maintaining said property. Despite the default judgments obtained by the Village, the debtors continued to use the premises at 61 North Main Street in the Village of Honeoye Falls, New York. The Chapter 11 in the partnership of Historic Lower Mill Associates was filed on March 26, 1985 in this Court and the Chapter 13 proceeding of the managing partner of Historic Lower Mill Associates and the debtor-in-possession, was filed by Basil T. Elmer, Jr. on March 29, 1985. On April 5, 1985, the Village served upon the debtors an Order to Show Cause, dated April 4, 1985 which sought to enforce the New York State Supreme Court order for a default judgment. This Order to Show Cause in New York State Supreme Court has been adjourned pending the resolution of the present application by the debtors in these bankruptcy matters.

The debtor argues that there is a stay imposed under 11 U.S.C. § 362(a)(3) against the Village doing "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" and that the 11 U.S.C. § 362(b) exemption to the stay of the enforcement of a governmental unit's police or regulatory powers is limited under (b)(4) to subsection § 362(a)(1), and under (b)(5) to subsection § 362(a)(2). The debtor claims that this is an act to obtain possession of the property of the estate or property from the estate or to exercise control over property of the estate and, therefore, the Village is still bound by § 362(a)(3) which is not excepted under 11 U.S.C. § 362(b)(4) or (5). The debtor also argues that the Village by enforcing its requirement with regard to the Certificate of Occupancy is in violation of 11 U.S.C. § 525, which prohibits discriminatory treatment against a debtor.

With regard to the first argument made by the debtors, the Village is seeking to

enforce a non-monetary judgment obtained in an action by a governmental unit to enforce such governmental unit's police or regulatory power. 11 U.S.C. § 362(b)(5) says in effect:

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3), does not operate as a stay—

(5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

■ Since all the Village is trying to do is restrain the debtor from renting, occupying or opening the premises to the public until the debtor has complied with the regulations requiring the obtaining of a Certificate of Occupancy, prior to use, the stay if any is under 11 U.S.C. § 362(a)(2) rather than 11 U.S.C. § 362(b)(3). The Village is not seeking the property but merely attempting to enforce a non-monetary judgment in the State Court. Therefore, the stay was never in place as regards the Village's current action.

Previously, under the Code, this Court had determined in *In re Cousins Restaurants, Inc.,* 11 B.R. 521 that 28 U.S.C. § 1478(a) prohibited the removal of an action dealing with a governmental units police or regulatory power because as it said quoting 1 Collier Bankruptcy Manual ¶ 3.01[2] at 3–26 that the Code "reflect a Congressional deference to states and a policy not to permit the bankruptcy laws to interfere too greatly with state regulatory or police power proceedings."

■ Presently, while 28 U.S.C. § 157(b)(2)(G) gives Bankruptcy Judges the right to hear and determine motions to terminate, annul or modify automatic stays, the grant of jurisdiction under 28 U.S.C. § 1334(c)(1) & (2), limits even the District Court to a mandatory abstention if the matter can be timely adjudicated in a State Court. Here, there has been no

showing of a lack of timeliness. Rather, it appears that the debtor wishes to slow the day of reckoning.

■ The second argument is easily disposed of. 11 U.S.C. § 525 provides a debtor with protection from discriminatory treatment. There is nothing in the affidavits that would lead one to believe that there has been any discrimination practiced by the Village in this particular case. All the Village is trying to do is to treat the debtor's property like every other commercial property in the Village and require the debtor to conform to certain clearly established norms for the protection of the tenants in its building and the public that enter upon the premises.

Therefore, the motion to stay the Village is denied and it is so ordered.