**In re BROTHERS COAL COMPANY, INC., Debtor.**

**WESTINGHOUSE CREDIT CORPORATION, Plaintiff,**

v.

**Claude S. YEARY, Sr., Defendant.**

Bankruptcy No. 7–80–00441–B.
Adv. No. 7–80–0151–B.

United States Bankruptcy Court,
W. D. Virginia.

Oct. 9, 1980.

---

3. 7.58%.

**568**

Don R. Pippin, Pippin & Pippin, Norton, Va., T. Munford Boyd, Paxson, Smith, Boyd, Gilliam & Gouldman, Charlottesville, Va., for plaintiff.

Lance Paul Cohen, Yeary & Tate, P. C., Abingdon, Va., James E. Nunley, Bristol, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue before the Court is whether or not the Plaintiff's motion to remand should be granted in this case which was removed to this Court from the Circuit Court of Wise County, Virginia.

On April 24, 1980 Brothers Coal Company, Inc. (Debtor) filed petition in this Court seeking relief under Chapter 11 (11 U.S.C. § 1101, et seq.) and an order for relief was accordingly thereupon entered.

The Debtor is engaged in a coal mining operation in Southwest Virginia and had incurred substantial indebtedness with the Plaintiff, Westinghouse Credit Corporation (Plaintiff) giving security interests in numerous items of mining equipment as collateral for the loan. Additionally, Plaintiff obtained from Claude F. Yeary, Sr. (Defendant) a guarantee of the indebtedness. The Defendant is a principal officer and shareholder of the Debtor corporation.

On June 3, 1980 Plaintiff instituted in the Circuit Court of Wise County, Virginia, a motion for judgment against the Defendant seeking judgment in the sum of $637,086.58 with interest and attorney's fees provided for in the guarantee agreement. On July 18, 1980, the Defendant filed application in this Court pursuant to 28 U.S.C. § 1478[1]

---

1. 28 U.S.C. § 1478.

"(a) A party may remove any claim or cause of action in a civil action, other than a pro-

and *Interim Bankruptcy Rule* 7004 removing the State Court action to this Court alleging that the Defendant, being a principal of Brothers Coal Company, Inc., was being sued upon the said guarantee, the validity of which was being questioned, as well as whether or not the alleged guarantee was absolute or conditional; that the issues between the Plaintiff and Defendant herein are the same issues which will require resolution in this Court involving the Plaintiff and equipment dealers, Carter Machinery and Caterpillar, Inc.; that reclamation of the equipment or portions thereof would require a determination of credit upon the indebtedness resulting in possible unresolved deficiency against the Debtor and Yeary, and will likely require resolution by this Court of Plaintiff's compliance or noncompliance with the Uniform Commercial Code of Virginia.

It further appears that in another adversary proceeding in this Court styled *Westinghouse Credit Corporation v. Brothers Coal Company, Inc.*, No. 7–80–0098–B, relief from the stay was granted permitting the Plaintiff herein to repossess and liquidate numerous items of equipment pursuant to the provisions of the Uniform Commercial Code of Virginia, the proceeds therefrom to be credited upon the indebtedness, which the Debtor and Yeary will ultimately be called upon to pay. Consequently, either this Court, or the Circuit Court of Wise County, if the case is remanded, will be required to hear and determine. If re-

manded to State Court, the Debtor herein may well be a necessary party in any determination of any remaining deficiency of the Plaintiff's debt.

■ The motion to remand raises a question of jurisdiction of this Court under 11 U.S.C. § 524(e).[2] This section deals with the discharge of debts of debtor in this Court and that the discharge of a Debtor does not effect the liability of any other entity for such debt such as defendant's guaranty herein. For the reasons given hereafter, the fact that a discharge of debtor's obligations does not discharge the obligations of a co–debtor is a matter entirely separate and apart from the question of jurisdiction of this Court to hear and determine questions affecting mutual debts of the debtor and a debtor's co–debtors. At the outset, it is essential that we review the new Code provisions relating to this Court's jurisdiction.

Title 11 U.S.C. § 105 designated "power of Court" states that the Bankruptcy Court may issue any order of process or judgment that is necessary or appropriate to carry out the provisions of this title. This is a provision of the Bankruptcy Code Title 11. It is also necessary that we review the provisions of a new Chapter 90 added to Title 28 relating to the Judiciary and Judicial Procedure.

Title 28 U.S.C. § 1471[3] provides for the jurisdiction of the Bankruptcy Court under

---

ceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action. "(b) The court to which such claim or cause of action is removed *may remand* such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise."

**2.** 11 U.S.C. § 524(e).
"Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other enti-

ty on, or the property of any other entity for, such debt."

**3.** 11 U.S.C. § 1471.
"(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.
(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

the *Bankruptcy Reform Act of 1978*, which is applicable hereto. This section vests in this Court jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11. This section structures the Bankruptcy Court and is modeled as closely as possible on Chapter 5 of Title 28, which establishes and governs the United States District Courts and is designed and intended to mirror the District Court system as nearly as possible. *See 9 Bkr.L.Ed.* § 82:22, page 459. At page 472, the above authority sets forth the following commentary upon the jurisdictional portion herein recited as follows:

"Subsection (b) is a significant change from current law. It grants the bankruptcy court original (trial), but not exclusive, jurisdiction of all civil proceedings arising under title 11 or arising under or related to cases under title 11. This is the broadest grant of jurisdiction to dispose of proceedings that arise in bankruptcy cases or under the bankruptcy code. Actions that formerly had to be tried in State court or in Federal district court, at great cost and delay to the estate, may now be tried in the bankruptcy courts. The idea of possession or consent as the sole basis for jurisdiction is eliminated. The bankruptcy court is given in personam jurisdiction as well as in rem jurisdiction to handle everything that arises in a bankruptcy case.

The jurisdiction granted is of all proceedings arising under title 11 or arising under or related to a case under title 11. The bill uses the term "proceeding" instead of the current "matters and proceedings" found in the Bankruptcy Act and Rules. The change is intended to conform the terminology of title 28, under which anything that occurs within a case is a proceeding. Thus, proceeding here is used in its broadest sense, and would encompass what are now called contested matters, adversary proceedings, and plenary actions under the current bankruptcy law. It also includes any disputes related to administrative matters in a bankruptcy case.

... The phrase "arising under" has a well defined and broad meaning in the jurisdictional context. By a grant of jurisdiction over all proceedings arising under title 11, the bankruptcy courts will be able to hear any matter under which a claim is made under a provision of title 11 ... Indeed, because title 11, the bankruptcy code, only applies once a bankruptcy case is commenced, any proceeding arising under title 11 will be in some way "related to" a case under title 11. In sum, the combination of the three bases for jurisdiction, "arising under title 11," "arising under a case under title 11," and "related to a case under title 11," will leave no doubt as to the scope of the bankruptcy court's jurisdiction over disputes."

■ To implement the very broad jurisdiction granted the court in § 1471, the Congress further provided the ancillary sections delineating rights of parties litigant as to venue under §§ 1472, 1473, 1474; change of venue under § 1475 and with further provision for curing defects as provided by § 1477. Further, it set forth provisional remedies and rights of litigants such as jury trials under § 1480, appeal rights under § 1482, as well as remedial rights under § 1479 relating to removal. To put to rest any question as to jurisdiction of this Court pursuant to the powers herein mentioned, the Congress further enacted 28 U.S.C. § 1481 which states:

"a Bankruptcy Court shall have the powers of a court of equity, law, and admiralty, ..."

(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case."

Section 1481 vests in the Bankruptcy Court essentially all powers relating to civil remedies without exception.

To insure the expeditious and orderly processing of cases pending in this Court, as well as cases pending elsewhere coming within this Court's jurisdiction, Congress further provided in 28 U.S.C. § 1478 procedure for removal of civil actions pending in other courts. It is well to note that § 1478 is broad and encompassing, excluding only proceedings in the United States Tax Court or civil action by a Government unit to enforce police or regulatory powers. To further implement the Congressional intent to extend the broad jurisdictional authority of the Bankruptcy Court, the Congress further provided in § 1478(b) that an order granting remand or declining to grant remand is not reviewable by appeal or otherwise. This would seem to demonstrate a clear congressional intent, to implement the broad range of jurisdiction and powers needed in this Court to effectively resolve such disputes.

The commentary set forth in 9 *Bk.L.Ed.* 82:22, *Supra,* as to this Court's jurisdiction in matters "arising under Title 11", "arising under a case under Title 11" and "related to a case under Title 11" leaves little doubt as to the scope of the intended jurisdiction vested in this Court in this recent enactment. Further, in order that no question can be raised as to the Court's jurisdiction to hear such matters, the Congress vested in this Court under § 1481 full civil jurisdiction of equity, law and even admiralty.

It would seem to be inappropriate and a duplication of judicial effort to litigate such issues in the State Court while the same issues may have to be litigated again in this Court involving the allowance of the claim of the Defendant under 11 U.S.C. § 509 concerning claims and rights of co–debtors, as well as 11 U.S.C. § 502 and 11 U.S.C. § 510 providing for certain subordination of claims. Indeed, whether compliance with the Uniform Commercial Code in the disposition of collateral was done in a commercially reasonable manner, may well have to be determined in arriving at the liability remaining as between the three parties—Debtor, Plaintiff and Defendant.

In order to determine whether or not remand should be granted this Court should only look to the jurisdictional language as to whether or not the matters affecting the action in question "arise in" or is "related to" the Debtor proceeding. From the foregoing facts, it would appear without question that the enforceability of the Plaintiff's claim against the Defendant is related to the rights the Debtor has under the loan agreements, the repossession and liquidation provisions of the Uniform Commercial Code, as well as the sections of Title 11 U.S.C. relating to allowance, qualification and subordination of claims and consequently, is clearly "related" within the purview of 28 U.S.C. § 1471.

This Court perceives no remedy either legal, or equitable which Plaintiff may avail itself of in the State Court which is not, likewise, available in this Court. Indeed, the possible elimination of duplication of effort and multiplicity of litigation would be better served by retention of this action in this Court.

If the Congress had intended to restrict and inhibit this Court with technical language within the Code provisions, it would have done so. Its grant of jurisdiction, powers and authority to this Court within the Code provisions is broad and all encompassing. This Court therefore would be misconstruing and distorting that Congressional intent, if it routinely remanded cases removed to this Court upon showing of vague or technical grounds as reasons therefor. It is a source of enlightenment to us all to read from the statement of legislative leaders which constitute a portion of the Legislative History of this *Bankruptcy Reform Act of 1978.* A portion thereof is found in 11 U.S.C.A., Appendix Page 354, and is as follows:

"Section 241 of title II establishes a new chapter 90 of title 28 entitled Court of Appeals in bankruptcy courts. This chapter specifies the jurisdiction and venue in bankruptcy cases and specifies various powers of the bankruptcy courts. The

chapter grants the courts of appeals original and exclusive jurisdiction of all cases under title 11. That jurisdiction in turn is completely delegated to the bankruptcy court with the sole exception of punishing for contempts by imprisonment and enjoining other courts. *The bankruptcy court is thus given pervasive jurisdiction over all proceedings arising in or relating to bankruptcy cases.* In addition, the bankruptcy court is given exclusive jurisdiction of the property of the estate in a case under title 11. This represents a major improvement over present law where the distinction between summary and plenary jurisdiction often results in wasteful litigation. Venue provisions pertaining to the new bankruptcy court have been described adequately in the House report accompanying H.R. 8200. It is intended that 28 United States Code 1473 provide alternate venues under subsections (a) and (c) in situations where both paragraphs would apply. Section 250 of title II of the House amendment makes clear that a bankruptcy court may issue a writ of habeas corpus and section 1651 of title 28 applies by its terms to enable a bankruptcy court to issue all other writs; 28 *United States Code 1481 rounds out the power of a bankruptcy court by making clear that the court has all the powers of a court of equity, law, or admiralty.*" (emphasis added)

Accordingly, in view of the foregoing it is the conclusion of this Court that the petition to remand be, and the same is denied and it is so ORDERED.