In re CROSS ELECTRIC COMPANY, INC., Debtor.

CROSS ELECTRIC COMPANY, INC., Plaintiff,

v.

JOHN DRIGGS COMPANY, INC. and The Aetna Casualty and Surety Company and Commonwealth of Virginia, Department of Highways and Transportation, Defendant.

Bankruptcy No. 7–80–01033.
Adv. No. 7–80–0249.

United States Bankruptcy Court,
W. D. Virginia,
Roanoke Division.

March 5, 1981.

M. Lanier Woodrum, Roanoke, Va., for plaintiff.

Hazlegrove, Dickinson & Rea, Roanoke, Va., for John Driggs and Aetna Cas. & Sur. Co.

Richard L. Walton, Jr., Asst. Atty. Gen., Commonwealth of Virginia, Richmond, Va., for debtor.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Bankruptcy Judge.

The question presented, appearing to be one of first impression under the Bankruptcy Reform Act of 1978, is whether this Chapter 11 Debtor, Cross Electric Company, Inc., (Cross) who seeks to recover on a contract made between said Debtor and Defendant, John Driggs Company, Inc. (Driggs), prior to the filing of the petition herein, is compelled to proceed to arbitration in accordance with an arbitration clause in the contract. For the reasons hereafter stated, this Court holds that it is not.

Cross, prior to filing its Chapter 11 petition herein, entered into a contract, as subcontractor, with Driggs, the prime contractor, to perform certain contract duties for the Commonwealth of Virginia Department of Highways and Transportation in the construction of a rest area on I–81 in Rockingham County, Virginia. The Commonwealth of Virginia was joined as a party and on its Motion, has now been dismissed from these proceedings.

Driggs, along with its surety, The Aetna Casualty and Surety Company, has filed Motion to Dismiss alleging that this Court is without subject matter jurisdiction for the reason that the contract entered into between Cross and Driggs contained an arbitration clause which must be adhered to instead of proceeding in the Court seeking recovery. The arbitration clause set forth as "Article 14" in the contract recites as follows:

"14.1 All claims, disputes and other matters in question arising out of or relating to this Subcontract, or the breach thereof, shall be decided by arbitration in the same manner and under the same procedure as provided in the Contract Documents with respect to disputes between the Owner and the Contractor except that a decision by the Architect shall not be a condition precedent to arbitration.

14.2 This Article shall not be deemed a limitation on any rights or remedies which the Subcontractor may have under any Federal or State mechanics' lien laws or under any applicable labor and material payment bonds unless such rights or remedies are expressly waived by him."

The Motion to Dismiss cites as points of authority Bankruptcy Rule 712 and 915, FRCP 12(b)(1) and 28 U.S.C.A. § 1471(d). No case in point has been cited, nor any memorandum brief filed by the Defendants. The Plaintiff filed a memorandum brief in

opposition thereto. The authorities cited by the defendants throw little light upon the issue in question. Rule 712 deals with how defenses and objections are asserted in adversary proceedings. Rule 915 is the procedural rule for objecting to jurisdiction. Rule 12(b)(1) is a companion of Rule 915 and 28 U.S.C. § 1471(d) concerns this Court's abstention.

This case arises under the New Code. However, under the prior Act, 11 U.S.C. § 49 and General Order # 33, the matter of arbitration was dealt with. Under the prior Act, in the case of *Schilling, Trustee, etc. v. Canadian Foreign Steamship Company, etc.* (S.D.N.Y.1961) 190 F.Supp. 462, the Court alluded to 11 U.S.C. § 49[1] and General Order # 33 in granting the right to arbitration. The Court in this case was laboring under the extremely limited summary jurisdictional powers of the Bankruptcy Court prior to the Bankruptcy Reform Act of 1978.

In *American Safety and Equipment Company v. J. P. McGuire and Company* (2nd Cir. 1968) 391 F.2d 821, the Second Circuit Court of Appeals after analyzing various factors denied a right to arbitration. The Court considered the public interest, the nature of the evidence, the right and need for pre-trial discovery and preferable judicial forum among others. A factor here considered in addition to the foregoing must be that of expedient and prompt adjudication in the determination of disputes arising out of cases in this Court. See also *Allegaert, Trustee v. Perot, et al.* (2nd Cir. 1976) 2 B.C.D. 1749, 548 F.2d 432, cert. den'd. 432 U.S. 910, 97 S.Ct. 2959, 53 L.Ed.2d 1084, wherein the court, under the Old Act, declined to order arbitration, even though the United States Arbitration Act appeared to be applicable.

28 U.S.C. § 1471, et seq. evidenced a strong Congressional or federal policy in favor of the newly created bankruptcy court having jurisdiction which is sufficiently broad to promptly and expeditiously hear and determine all controversies involving matters of law, equity and even admiralty. The provision for arbitration in 11 U.S.C. § 49 is not carried forward in the Bankruptcy Reform Act of 1978. This also evidences a congressional policy that matters affecting contractual provisions as to arbitration would be left to the discretion vested in this Court to abstain under 28 U.S.C. § 1471(d).

Title 28 U.S.C. § 1471[2] provides for the jurisdiction of the Bankruptcy Court under the Bankruptcy Reform Act of 1978, which is applicable hereto. This section vests in this Court jurisdiction of all civil proceedings arising under Title 11 or arising in or

1. *Section Twenty-Six* (11 U.S.C. § 49)

§ 26. *Arbitration of Controversies.* a. The receiver or trustee may, pursuant to the direction of the court, submit to arbitration any controversy arising in the settlement of the estate.

b. Three arbitrators shall be chosen by mutual consent, or one by the receiver or trustee, one by the other party to the controversy, and the third by the two so chosen or, if they fail to agree in five days after their appointment, the court shall appoint the third arbitrator.

c. The written finding of the arbitrators or of a majority of them as to the issues presented may be filed in court and shall have like force and effect as the verdict of a jury."

2. 11 U.S.C. § 1471.

"(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case."

related to cases under Title 11. *See·In re Brothers Coal—Westinghouse v. Yeary* (Bkrtcy.W.D.Va.1980) 6 B.C.D. 1066, 3 C.B. C.2d 31, 6 B.R. 567. This section structures the Bankruptcy Court and is modeled as closely as possible on Chapter 5 of Title 28, which establishes and governs the United States District Courts and is designed and intended to mirror the District Court system as nearly as possible. *See 9 Bkr.L.Ed.* § 82:22, page 459. At page 472, the above authority sets forth the following commentary upon the jurisdictional portion herein recited as follows:

> "Subsection (b) is a significant change from current law. It grants the bankruptcy court original (trial), but not exclusive, jurisdiction of all civil proceedings arising under title 11 or arising under or related to cases under title 11. This is the broadest grant of jurisdiction to dispose of proceedings that arise in bankruptcy cases or under the bankruptcy code. Actions that formerly had to be tried in State court or in Federal district court, at great cost and delay to the estate, may now be tried in the bankruptcy courts. The idea of possession or consent as the sole basis for jurisdiction is eliminated. The bankruptcy court is given in personam jurisdiction as well as in rem jurisdiction to handle everything that arises in a bankruptcy case.
>
> The jurisdiction granted is of all proceedings arising under title 11 or arising under or related to a case under title 11. The bill uses the term "proceeding" instead of the current "matters and proceedings" found in the Bankruptcy Act and Rules. The change is intended to conform the terminology of title 28, under which anything that occurs within a case is a proceeding. Thus, proceeding here is used in its broadest sense, and would encompass what are now called contested matters, adversary proceedings, and plenary actions under the current bankruptcy law. It also includes any disputes related to administrative matters in a bankruptcy case.
>
> ... The phrase "arising under" has a well defined and broad meaning in the jurisdictional context. By a grant of jurisdiction over all proceedings arising under title 11, the bankruptcy courts will be able to hear any matter under which a claim is made under a provision of title 11 ... Indeed, because title 11, the bankruptcy code, only applies once a bankruptcy case is commenced, any proceeding arising under title 11 will be in some way "related to" a case under title 11. In sum, the combination of the three bases for jurisdiction, "arising under title 11," "arising under a case under title 11," and "related to a case under title 11," will leave no doubt as to the scope of the bankruptcy court's jurisdiction over disputes."

To implement the very broad jurisdiction granted the court in § 1471, the Congress further provided the ancillary sections delineating rights of parties litigant as to venue under §§ 1472, 1473, 1474; change of venue under § 1475 and with further provision for curing defects as provided by § 1477. Further, it sets forth provisional remedies and rights of litigants such as jury trials under § 1480, appeal rights under § 1482, as well as remedial rights under § 1479 relating to removal. To put to rest any question as to jurisdiction of this Court pursuant to the powers herein mentioned, the Congress further enacted 28 U.S.C. § 1481 which states:

> "a Bankruptcy Court shall have the powers of a court of equity, law, and admiralty, ..."

Section 1481 vests in the Bankruptcy Court essentially all powers relating to civil remedies without exception.

To insure the expeditious and orderly processing of cases pending in this Court, as well as cases pending elsewhere coming within this Court's jurisdiction, Congress further provided in 28 U.S.C. § 1478 procedure for removal of civil actions pending in other courts. It is well to note that § 1478 is broad and encompassing, excluding only proceedings in the United States Tax Court or civil action by a Government unit to enforce police or regulatory powers. To further implement the Congressional intent

**412**

to extend the broad jurisdictional authority of the Bankruptcy Court, the Congress further provided in § 1478(b) that an order granting remand or declining to grant remand is not reviewable by appeal or otherwise. This would seem to demonstrate a clear congressional intent, to implement the broad range of jurisdiction and powers needed in this Court to effectively resolve such disputes.

The commentary set forth in *9 Bk.L.Ed.* 82:22, supra, as to this Court's jurisdiction in matters "arising under Title 11", "arising under a case under Title 11" and "related to a case under Title 11" leaves little doubt as to the scope of the intended jurisdiction vested in this Court in this recent enactment. Further, in order that no question can be raised as to the Court's jurisdiction to hear such matters, the Congress vested in this Court under § 1481 full civil jurisdiction of equity, law and even admiralty.

The issues raised in the complaint seeking recovery by the Debtor against Driggs can be expeditiously heard and determined by this Court. Relegating these matters to protracted arbitration proceedings where rules of discovery may not be available to the parties may prolong indefinitely a decision in this matter. The rehabilitation of the Debtor requires prompt disposition of the claim asserted. If the Debtor is not entitled to recover that matter should be determined. If the Debtor is entitled to recover the amount sued for, to-wit: $8,581.45, it's rehabilitation requires prompt decision. It is beneficial to both parties that the matters be promptly decided.

Accordingly, an order will be so entered denying the Motion to Dismiss.