**In re James Ross HARTLEY, Sharon Lee Hartley, Debtors.**

**The PEOPLES BANKING COMPANY, Plaintiff,**

v.

**James R. HARTLEY, et al., Defendants.**

**Bankruptcy No. 81–01855.**
**Adv. No. 81–0717.**

United States Bankruptcy Court,
N. D. Ohio, W. D.

Jan. 22, 1982.

Thomas D. Drake, Findlay, Ohio, for plaintiff.

Philip R. Joelson, Toledo, Ohio, for debtors.

Quentin M. Derryberry, II, Lima, Ohio, trustee in bankruptcy.

Ronald L. Solove, Columbus, Ohio, for Mary Ellen and C. Richard Gottfried.

Lewis Gottfried, Jr., Upper Sandusky, Ohio, Wyandot County Treasurer.

MEMORANDUM AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon the Motion of Defendants, Mary Ellen Gottfried and C. Richard Gottfried, for an Order dismissing this adversary complaint as it pertains to them for lack of subject matter jurisdiction. The motion is denied.

Defendants James R. Hartley and Sharon L. Hartley filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on September 8, 1981. On October 2, 1981 Plaintiff filed the instant complaint seeking to marshall the liens and foreclose its mortgage on a certain parcel of real estate in Wyandot County, Ohio. As an additional claim, Plaintiff prays the Court for judgment against the Defendant/Debtors in the amount of $525,694.10 plus interest and for this Court to determine that the foregoing debt is non-dischargeable under § 523 of the Bankruptcy Code, 11 U.S.C. § 523.

The "facts", in relevant part, that underlie this cause were discerned from the complaint and accompanying exhibits.

On or about February 6, 1981 James R. Hartley and Sharon L. Hartley executed and delivered a promissory note to Plaintiff in the amount of $550,000. In order to secure payment of the Hartley note, Defendants C. Richard Gottfried and Mary Ellen Gottfried executed and delivered to Plaintiff a mortgage deed on certain real property in Wyandot County, Ohio. The Hartleys allegedly being in default of their obligation under the note, Plaintiff seeks to foreclose on the mortgage.

The Complaint states that the Hartleys and Gottfrieds are associated through some sort of business relationship, and/or are acting in concert somehow to defraud Plaintiff, although the exact nature of this relationship is unclear.

In support of their motion to dismiss, the Gottfrieds point out that there has been no allegation in the complaint that the Debtor/Defendants have any interest in the real estate which is the subject matter of the mortgage or that Debtor/Defendants have any claim against them. Under these circumstances it is argued there is no basis for this Court to exercise jurisdiction under 28 U.S.C. § 1471.

Plaintiff counters that on the face of the complaint its claim arises from a joint effort of the Gottfrieds and Hartleys to defraud the Plaintiff. It was out of this effort, Plaintiff maintains, that the Gottfrieds put up the collateral that is the basis for Plaintiff's claim. Under these circumstances, it is argued, it cannot reasonably be said that the Plaintiff's claims against the Gottfrieds and Hartleys are not "related". In addition, Plaintiff claims it is unreasonable for this Court to hear the Plaintiff's claim against the Hartleys relating to the creation of the debt while refusing to determine the validity of the instrument securing the debt.

Section 241(a) of the Bankruptcy Reform Act of 1978, Public Law 95–598, added Chapter 90, sections 1471 through 1482 to Title 28 U.S.C. Title IV, Section 405(b) of the Bankruptcy Reform Act made section 241 applicable to bankruptcy courts during the transition period. In relevant part, 28 U.S.C. § 1471 provides:

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

The question in this case is whether Plaintiff's claim against C. Richard Gottfried and Mary Ellen Gottfried to foreclose on the subject real estate is within the above statutory provision. More specifically, to be within this Court's jurisdiction, the present case must be a civil proceeding "arising under title 11 or arising in or related to" a case under title 11.

An explanation for the phrase "civil proceeding arising under title 11" was given in the House Report which accompanied H.R. 8200:

The phrase 'arising under' has a well defined and broad meaning in the jurisdictional context. By a grant or jurisdiction over all proceedings arising under title 11, the bankruptcy courts will be able to hear any matter under which a claim is made under a provision of title 11. For example, a claim of exemptions under 11 U.S.C. 582 would be cognizable by the bankruptcy courts, as would a claim of discrimination in violation of 11 U.S.C. 525. Any action by the trustee under an avoiding power would be a proceeding arising under title 11, because the trustee would be claiming based on a right given by one of the sections in subchapter III of Chapter 5 of title 11. Many of these claims would also be claims arising under or related to a case under title 11.

H.R.Rep.No.595, 95th Cong., 2d Sess. 445, *reprinted in* [1978] U.S.Code Cong. & Ad. News 5963, 6401. It is apparent that under the above construction the foreclosure ac-

tion naming the Gottfrieds as Defendants is not made under a provision of title 11 and therefore, this ground for establishing jurisdiction is eliminated.

The only real question then, is whether the claim against the Gottfrieds is one "arising in or related to" a case under title 11. Defendants/Movants point out that the Plaintiff's foreclosure action against the Wyandot County property does not fit into any category of cases referred to as illustrative of types of actions constituting the subject matter jurisdiction of the bankruptcy courts in the House Report accompanying H.R. 8200. The House Report provides:

> Examples of matters that the bankruptcy court will be able to hear include all items listed by the Bankruptcy Commission in its proposed bill, H.R. 31, 94th Cong., 1st Sess. §§ 2–201(a), 2–201(b) (1975), or the equivalents to those items under title 11 as proposed by H.R. 8200, as well as all items that the bankruptcy courts are now able to hear under Bankruptcy Act 2a(2A).

H.R.Rep.No.595, 95th Cong., 2d Sess. 446 (1977), U.S.Code Cong. & Admin.News 1978, p. 6401.

This Court has examined each of the above listed provisions and, indeed, as Plaintiff contends, there is little similarity between the examples set forth and the present case. *See* 1 *Collier on Bankruptcy* ¶ 3.01 at 3–42 through 3–44 (15th Ed. 1981) where these provisions are set out in full. As one commentator has noted however, the idea behind the 1978 legislation, and § 1471 in particular, was that it was not fruitful and in fact destructive to categorize jurisdiction. *See* 1 *Collier on Bankruptcy* ¶ 3.01 at 3–43 (15th Ed. 1981). In addition, the legislative history of § 1471 would seem to indicate that the jurisdictional grant should be broadly construed to include this type of claim. In commenting on § 1471(b) the House Report, *supra*, at 445, U.S.Code Cong. & Admin.News 1978, p. 6400 provides:

> Subsection (b) is a significant change from current law. It grants the bankruptcy court original (trial), but not ex-

clusive, jurisdiction of all civil proceedings arising under title 11 or arising under or related to cases under title 11. This is the broadest grant of jurisdiction to dispose of proceedings that arise in bankruptcy cases or under the bankruptcy code. Actions that formerly had to be tried in State court or in Federal district court, at great cost and delay to the estate, may now be tried in the bankruptcy courts. The idea of possession or consent as the sole basis for jurisdiction is eliminated. The bankruptcy court is given in personam jurisdiction [sic] as well as in rem jurisdiction to handle everything that arises in a bankruptcy case.

Furthermore, two recent cases, *In re Brothers Coal Co., Inc.*, 6 B.R. 567, 6 BCD 1066 (Bkrtcy.W.D.Va.1980) and *In re Lucasa International Ltd.*, 6 B.R. 717, 6 BCD 1172 (Bkrtcy.N.D.Ga.1981) have given effect to this construction.

*In re Brothers Coal Co., supra*, the court considered the scope of the jurisdictional grant in ruling on a motion to remand a case removed from state court pursuant to 28 U.S.C. § 1478. The Debtor, who had filed a petition under Chapter 11 (11 U.S.C. § 1101 et seq.), had incurred substantial indebtedness to Plaintiff while engaging in a coal mining operation giving security interests in numerous items of mining equipment as collateral for the loan. The Defendant, a principal officer and shareholder of the Debtor corporation, had given Plaintiff his guarantee on the indebtedness. Plaintiff sued Defendant in state court on the guarantee and Defendant removed.

The Court held that the enforceability of Plaintiff's claim against Defendant was related to the rights the Debtor had under the loan agreements, the repossession and liquidation provisions of the Uniform Commercial Code, and the sections of Title 11 U.S.C. relating to allowance, qualification and subordination of claims and consequently, clearly "related" within the purview of 28 U.S.C. § 1471. 6 B.R. at 571.

In *Lucasa, supra*, the trustee had brought an action against Sultan Ltd. pursuant to 11 U.S.C. § 547(b) to recover an allegedly

preferential payment. Sultan answered and, in addition, brought a third party complaint against Cutaia alleging that, if it was held liable to the trustee, Cutaia would, in turn, be liable to Sultan for the amount pursuant to an agreement of guarantee between Sultan and Cutaia entered into while the latter was a director, officer, and stockholder of the debtor. In his answer to the third party complaint Cutaia interposed an affirmative defense alleging lack of jurisdiction of the third party claim. After reviewing the legislative history of 28 U.S.C. § 1471 the Court concluded as follows:

> Here, the trustee, acting upon the power given trustees by Section 547 of the Code to avoid preferential transfers and to recover the property thus transferred, has begun his action here to achieve that end, plainly a civil proceeding arising under or in the case for which he stands as trustee. It follows, therefore, that the defendant's third-party suit against Cutaia, defendant's guarantor, is also a civil proceeding arising in and related to the Lucasa bankruptcy. Manifestly, therefore, this court has jurisdiction for all of this is within the pervasive jurisdiction given bankruptcy courts by new 28 U.S.C. § 1471(b) read with subsection (c).

6 B.R. at 719.

Application of the holdings in *Brothers Coal Co.* and *Lucasa International, supra,* it would seem, would similarly require that this Court find that the claim against the Gottfrieds, in the present case to foreclose on the property offered to secure the Hartleys' debt to Plaintiff is "related to" the present bankruptcy case. The Gottfrieds, like the moving parties in *Brothers Coal Co.* and *Lucasa International,* are apparently guarantors of an obligation which is sufficiently related to Debtors' bankruptcy case so that the claim can be said to be within the purview of 28 U.S.C. § 1471.

In addition, given the possibility that, if the claim against the Gottfrieds were brought in state court, the Hartleys, as the principal obligors on the indebtedness, would need to be named Defendants. Considerations of judicial economy militate in favor of determining all of the parties' rights in a single proceeding. This not to mention the possibility that Plaintiff might be required to seek relief from the automatic stay of 11 U.S.C. § 362(c)(1) against the commencement or continuation of a judicial proceeding against the Debtor, as a prerequisite to the initiation of such a proceeding. Also, possible duplication of judicial effort relating to the Gottfrieds' rights under 11 U.S.C. § 509, concerning claims and rights of co-debtors is a consideration in favor of a determination finding jurisdiction.

For the foregoing reasons, it is hereby,

ORDERED that the motion of Defendants Mary Ellen Gottfried and C. Richard Gottfried to dismiss the Plaintiff's claim against them for lack of subject matter jurisdiction be, and hereby is, denied.