In re LUDWIG HONOLD MANUFAC-
TURING COMPANY, Debtor.

Fred ZIMMERMAN, Trustee of Ludwig
Honold Mfg. Co., Plaintiff,

v.

CONTINENTAL AIRLINES,
INC., Defendant.

Bankruptcy No. 81–04610G.

Adv. No. 82–1046G.

United States Bankruptcy Court,
E. D. Pennsylvania.

Aug. 16, 1982.

Gary M. Schildhorn, Adelman & Lavine, Philadelphia, Pa., for plaintiff, Fred Zimmerman, Trustee of Ludwig Honold Mfg. Co.

Gregory M. Harvey, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant, Continental Airlines, Inc.

Fred Zimmerman, Pennsauken, N. J., trustee/plaintiff.

Nancy V. Alquist, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for Creditors' Committee.

John J. Lamb, Philadelphia, Pa., for debtor.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether the debtor, Ludwig Honold Manufacturing Company, is compelled to proceed with arbitration in accordance with an arbitration clause in a contract between it and the defendant, Continental Airlines, Inc., when the debtor seeks to recover on a contract made between the debtor and the defendant. We conclude that arbitration is not mandatory and we will not, accordingly, grant defendant's application for a stay pending arbitration.

The facts of this case are as follows:[1] Ludwig Honold Manufacturing Company, ("the debtor") entered into a contract with Continental Airlines, Inc., ("Continental") whereby the debtor agreed to manufacture

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Bankruptcy Procedure.

for Continental four plane mates. The debtor completed the plane mates, delivered them to Continental, and demanded the balance of the contract price which Continental refused to pay.

On November 11, 1981, an involuntary petition in bankruptcy was filed against the debtor and a trustee was appointed who demanded payment for the contract balance.

The contract between the debtor and Continental contained a clause requiring the parties to arbitrate all controversies arising under the agreement. The clause provides:

> 30. *Arbitration.* Any controversy between the parties with respect to this Agreement shall be settled by arbitration to be held in the City of Philadelphia, Pennsylvania, U.S.A. before a single arbitrator appointed by the Philadelphia Office of the American Arbitration Association. The decision of the arbitrator shall be final and binding upon the parties, both as to law and to fact, and shall not be appealable to any Court in any jurisdiction. The decision of the arbitrator may be entered in any Court having jurisdiction thereof.

Continental has asserted this arbitration provision and requests a stay of litigation until all disputes are resolved by arbitration.

■ The decision to compel or deny arbitration is discretionary with the bankruptcy judge: *In the Matter of Muskegon Motor Specialties Company v. International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, AFL–CIO, and Its Local 1272*, et al., 313 F.2d 841, 842 (6th Cir. 1963); and a court which does not compel arbitration where the determination in such a proceeding would affect the amount, existence, and priority of claims to be paid out of the general funds and thus, involve the interests of creditors, does not abuse its discretion: *In the Matter of Muskegon, supra* at 843; *Johnson v. England*, 356 F.2d 44, 52 (9th Cir. 1966); *Bohack Corporation v. Truck Drivers Local Union No. 807*, 431 F.Supp. 646, 653 (E.D.N.Y.1977) *affirmed*, 567 F.2d 237 (2d Cir. 1977), *cert. denied*, 439 U.S. 825, 99 S.Ct. 95, 58 L.Ed.2d 117 (1978). *See also, Krundler, The Convergance of Arbitration and Bankruptcy*, 26 Arb.J. 34 (1971).

In the case of *Cross Electric Company v. John Driggs Company, Inc.*, 9 B.R. 408 (Bkrtcy.W.D.Va.1981), the United States Bankruptcy Court for the Western District of Virginia was presented with essentially the same issue as confronts us in the case before us. In *Cross*, the debtor, prior to filing its chapter 11 petition, entered into a contract with the defendant, Driggs. This contract contained an arbitration clause. After the debtor commenced its action in the bankruptcy court, the defendant filed a motion to dismiss on the premise that the bankruptcy court did not have jurisdiction over the matter because the parties failed to arbitrate.

The court in *Cross* reviewed cases decided under the former Bankruptcy Act and determined that they were inapplicable because of the enactment of the Bankruptcy Code.[2] The court also considered the public interest, the nature of the evidence, the right and need for pre-trial discovery, the preferable judicial forum, and the need for expedient and prompt adjudication in the determination of disputes arising out of cases before the bankruptcy court. In so doing, the court determined that the congressional intent in the enactment of the Bankruptcy Code and the considerations as set forth above dictated the conclusion that the debtor was not required to proceed with arbitration.[3] Therefore, the court denied the defendant's motion to dismiss.

---

2. Those cases include *Schilling v. Canadian Steamship Co., Ltd.*, 190 F.Supp. 462 (S.D.N.Y. 1961) and *American Safety and Equipment Company v. J. P. McGuire and Company*, 391 F.2d 821 (2nd Cir. 1968).

3. 9 B.R. at 412.

In reaching its conclusion, the court in *Cross* analyzed the congressional policy as expressed in 28 U.S.C. 1471 through 1481[4] and determined that Congress intended to ensure the expeditious and orderly processing of cases pending before the bankruptcy court as well as cases pending elsewhere coming within a bankruptcy court's jurisdiction. The court then determined that relegating the complaint to protracted arbitration proceedings where rules of discovery may not be available to the parties could prolong indefinitely a decision in this matter. As a result, the court concluded that *it* could expeditiously hear and determine the issues raised by the debtor and therefore, it was the proper forum to hear matters relating to the case.

█ Continental urges us not to follow the *Cross* decision and contends that the rights claimed by it in the instant case are rights which would exist in an action commenced in the District Court and that the broadening of the bankruptcy court's jurisdiction does not purport to affect those rights. Although we are influenced, as stated in *Schilling*, supra, that:

> The right of a party to a contract to resort to arbitration provided for in that contract is as much a contract right as is the right to payment. It is such an important question whether the contract containing the arbitration was obtained by fraud must be decided by the arbitrators, 190 F.Supp. at 463.

We find that the effective and prompt resolution and administration of issues relating to and arising out of a bankruptcy proceeding as the controlling factors in our decision. Congress enacted 28 U.S.C. § 1471 with the intention of ensuring prompt administration of the bankrupt estate and with at least the minimum requirement of judicial review of the possible prejudice arbitration can have to the bankrupt estate.[5]

As a result, we are impelled to follow the holding in *Cross.*

The debtor asserts that submission to arbitration would only frustrate one of the goals of the Bankruptcy Reform Act, i.e., the prompt administration of bankruptcy proceedings. We agree. A perusal of the Rules for Commercial Arbitration of the American Arbitration Association discloses that there were no provisions for discovery. Considering the fact that the debtor is no longer operating, the trustee's ability to obtain discovery is essential. The debtor's efforts to obtain discovery of the relevant facts could be greatly delayed by the need to file repetitive motions and to obtain decisions with requests for discovery.

Moreover, we do not see the need for an arbitrator's special expertise to the decision-making process in this case.[6] And, we find that the resolution of the issues in dispute are of particular interest to the bankruptcy court.

In view of the enactment of the Bankruptcy Reform Act of 1978 and the urgent need for the prompt administration of adversary proceedings, we conclude that, in the case before us, the arbitration clause is not binding on the parties and that we may determine this case by trial rather than by arbitration.

---

4. *See* 1 Collier on Bankruptcy, § 3.01 (15th Ed.).

5. *See* 9 Bkr.L.Ed. § 82:22; *See also In re Brothers Coal-Westinghouse v. Yeary* (Bkrtcy.W.D. Va.1980) 6 B.C.D. 1066, 3 C.D.C.2d 31, 6 B.R. 567.

6. *See In re F. and T. Contractors, Inc.,* 649 F.2d 1229 (6th Cir. 1981); *Bohack Corporation v. Truck Drivers Local Union No. 807,* 431 F.Supp. 646 (E.D.N.Y.1977) *cert. denied,* 439 U.S. 825, 99 S.Ct. 95, 58 L.Ed.2d 117 (1978).