WRIGHT, Presiding Judge.
This action originated as a suit on a promissory note. Appellant, Randolph E. Neal, Jr. (Neal), was alleged therein to have executed a promissory note to First Alabama Bank of Huntsville (bank) in 1979 for the sum of $5,021.92, which note was due and unpaid.
After protracted and voluminous pre-trial discovery and pleadings in circuit court, Neal filed a bankruptcy petition in the Bankruptcy Court for the Northern District of Alabama (bankruptcy court) in November 1980. The bank by application removed the action from the circuit court to the bankruptcy court.
In September 1982, the bankruptcy trustee moved to dismiss the bankruptcy case. *1255 The bankruptcy court determined that dismissal would be in the best interest of the creditors and entered the following order:
“The above styled case and all adversary proceedings [including the suit on the note] shall be dismissed out of court, except that, in the event that a party in interest files within ten (10) days an objection to the dismissal of said case or one of said adversary proceedings and shows good cause for such objection at a hearing thereon, such case proceeding shall be retained in court.”
The bankruptcy court subsequently denied objections and made final the dismissal.
Thereafter various pleadings were filed in the circuit court by Neal, pro se, including a motion to dismiss and a counterclaim for actual and punitive damages in the amount of $64,573,942.12. In response to these pleadings the bank filed a motion in the trial court contending inter alia that the action was dismissed by the order of the bankruptcy court, and that consequently the trial court had no jurisdiction to entertain either the action or Neal’s subsequent pleadings filed therein.
The trial court, after hearing oral argument on this motion and later pleadings filed by Neal, entered a declaratory judgment as follows:
“This cause was removed by the Plaintiff [the bank] to the United States Bankruptcy Court and was there dismissed. ... Said orders did not remand the cause to this court for any further adjudication.
It is therefore ORDERED, ADJUDGED, and DECREED that this court has no jurisdiction over this cause and that this action was dismissed with prejudice by the Bankruptcy Court in its ... orders.”
Neal moved to vacate the judgment or for reconsideration. Without a hearing, oral argument or comment, the trial court denied Neal’s motion. Neal appealed to this court.
In the resolution of this case we will discuss briefly whether removal from circuit court to bankruptcy court was proper. We do so even though the power of removal is a question of federal law and such power was not questioned in the bankruptcy court.
Neal contends that proper removal was not effectuated because 28 U.S.C.A. § 1478, which allows for the removal of nonbankruptcy claims to the bankruptcy court, does not become effective until April 1, 1984. In a recent case dealing directly with this question, the court found § 1478 “to be effective during the transition period from October 1, 1979 to April 1, 1984, and that the state action may be removed to the Bankruptcy Court.” In re Greco, 3 B.R. 18, 19 (Bkrtcy.D.Hawaii 1979). The transition period refers to that period from the passage of the Bankruptcy Reform Act of 1978 to its effective date of April 1, 1984.
Section 1478(a) provides that “[A]ny party may remove any claim or cause of action in a civil action ... to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.” The bank met the requisites for proper removal.
The present case is within the proper jurisdiction of the bankruptcy court. An action filed by the holder of a note, filed prior to the defendant-debtor’s filing of his petition in bankruptcy, is within the jurisdiction of the bankruptcy court. In re Moore, 5 B.R. 449 (Bkrtcy.D.Md.1980). Moreover, a suit on a loan agreement is properly removable to and within the jurisdiction of the bankruptcy courts as it is “related to” the debtor’s bankruptcy proceeding. In re Brothers Coal Co., 3 C.B.C. 31, 6 B.R. 567 (Bkrtcy.W.D.Va.1980). An action to collect a promissory note is clearly “related to” Neal’s bankruptcy.
Having determined that proper removal was had to the bankruptcy court, the remaining question is what effect the dismissal of the bankrupt’s case by that court had upon the adversary action removed from circuit court. Neal contends the dismissal does not bar further action in circuit *1256 court because the bankruptcy court did not specify dismissal with prejudice. The bank, on the other hand, argues the dismissal of the bankrupt’s petition effects a final disposition of the removed case, and that any further proceeding in the case is prohibited. The bank, in contending that its suit upon a note is now res judicata without a judgment in its favor, takes an unusual position to say the least.
Generally, the dismissal of a bankruptcy proceeding is “limited in its effect to return things to the status quo ante.” 9 Am.Jur.2d Bankruptcy § 391 (1980). As far as practicable a dismissal operates to restore all property rights “to the position in which they were found at the commencement of the case.” Id. This limitation upon the effect of a dismissal means that the bankruptcy court’s dismissal of the proceeding does not amount to a judicial determination of the issues which would have been covered in the case. See Jones v. National Bank of Commerce, 207 Ark. 613, 182 S.W.2d 377 (1944). In this case therer is no indication in the record that any adjudication of the issues ever occurred.
The dismissal of a case without a determination of its merits is governed by Bankruptcy Rule 120(c), which provides that unless a court order specifies otherwise, a dismissal of a case other than on the merits is without prejudice. Thus, in the present case where the dismissal of the case was not on its merits and the dismissal order did not specify whether it was with or without prejudice, the case was dismissed without prejudice under Rule 120(c). The absence of prejudice refers primarily to refiling of a new petition in bankruptcy, but must also apply to all matters pending.
Therefore, we consider the bankruptcy court’s dismissal orders were without prejudice to any matters pending therein, and in effect restored the parties to the same position they were in prior to Neal’s filing in bankruptcy court. Accordingly, we reverse the trial court’s declaratory judgment of April 28, 1983, finding that it had no jurisdiction over the cause because the action was dismissed with prejudice by the bankruptcy court. We find that the court does have jurisdiction to adjudicate the merits of the case and remand the case for further action not inconsistent with this opinion.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.