In re Jeffery L. ARENTSON.

Jeffery L. ARENTSON, Plaintiff,

v.

A.G. EDWARDS & SONS, INC., a Delaware Corporation, Defendant.

Bankruptcy No. 90–10853.
Adv. No. 90–1160.

United States Bankruptcy Court,
N.D. Mississippi.

Jan. 18, 1991.

Philip T. Dean, Columbus, Miss., for Jeffery L. Arentson.

Michael R. Barnes, Mitchell, McNutt, Threadgill, Smith & Sams, Columbus, Miss., and Robert Schultz, Pepper, Martin, Jensen, Michel & Hetlege, St. Louis, Mo., for A.G. Edwards & Sons, Inc.

## OPINION

DAVID W. HOUSTON, III,
Bankruptcy Judge.

On consideration before the Court is the motion to dismiss or, in the alternative, to stay pending arbitration filed by the defendant, A.G. Edwards & Sons, Inc.; response to said motion having been filed by the plaintiff, Jeffery L. Arentson; and the Court having heard and considered same, hereby finds, orders and adjudicates as follows, to-wit:

I.

The plaintiff/debtor, Jeffery L. Arentson, has filed a complaint against the defendant, A.G. Edwards & Sons, Inc., which seeks damages for the violation of 11 U.S.C. § 525(b) which reads as follows:

(b) No private employer may terminate the employment of, or discriminate with respect to employment against, an individual who is or has been a debtor under this title [11 USCS §§ 101 et seq.], a debtor or bankrupt under the Bankruptcy Act, or an individual associated with such debtor or bankrupt, solely because such debtor or bankrupt—

(1) is or has been a debtor under this title [11 USCS §§ 101 et seq.] or a debtor or bankrupt under the Bankruptcy Act;

(2) has been insolvent before the commencement of a case under this title [11 USCS §§ 101 et seq.] or during the case but before the grant or denial of a discharge; or

(3) has not paid a debt that is dischargeable in a case under this title [11 USCS §§ 101 et seq.] or that was discharged under the Bankruptcy Act.

In essence, the plaintiff alleges that he was terminated from his employment with the defendant because he filed for relief under the Bankruptcy Code. In response to the complaint, the defendant filed a combined motion to dismiss or, in the alternative, to stay pending arbitration.

The plaintiff was given permission to amend his complaint to allege whether his cause of action is core or non-core, as required by Rule 7008, Rules of Bankruptcy Procedure, in order to address that portion of the motion seeking to dismiss this proceeding. The amended complaint has now been filed correcting the procedural defect. As such, the motion to dismiss is not well taken and will be overruled.

The alternative portion of the motion seeks to stay this proceeding in the Bankruptcy Court so that the matter may be submitted to arbitration before either the New York Stock Exchange, Inc., or the National Association of Securities Dealers, Inc.

## II.

There is no dispute that when the plaintiff was employed by the defendant, he was required to sign employment agreements which contained the following printed clause:

Investment Broker Agreement, paragraph 26:

### Arbitration

You agree that any controversy or dispute arising between you and Edwards in respect to this agreement or your employment by Edwards shall be submitted for arbitration before the New York Stock Exchange, Inc., or the National Association of Securities Dealers, Inc., *unless Edwards exercises its right to seek an injunction in the event you breach or threaten to breach any of these standard provisions or any other provisions of any agreement between you and Edwards.* (emphasis added)

The identical language also appeared in a document entitled Supplementary Training Agreement for an Investment Broker. (It is interesting to note that the defendant specifically reserved the right unto itself to seek injunctive relief through the courts.)

It is also undisputed that the Rules of the New York Stock Exchange and the National Association of Securities Dealers Code of Arbitration Procedures contain provisions addressing the resolution of disputes by arbitration, specifically controversies as to employment or the termination of employment. This Court is also aware that the federal Arbitration Act, i.e., 9 U.S.Code § 2, et seq., favors the enforcement of arbitration agreements. This Court would ordinarily concur with this policy.

The defendant has cited the case of *Hays and Co. v. Merrill Lynch*, 885 F.2d 1149 (3rd Cir.1989), which held that the district court did not have discretion to deny the enforcement of an arbitration clause in a non-core adversary proceeding brought by the bankruptcy trustee against the debtor's broker. This Court is of the opinion that the facts in *Hays and Co.* are materially distinguishable from the facts in the instant proceeding. If this lawsuit involved, even indirectly, matters related to securities trading or complicated employer-employee relationships, arbitration might be appropriate and even desirable. However, this cause of action is exclusively related to a bankruptcy statute, 11 U.S.C. § 525(b), which provides an avenue of redress for discrimination solely because an individual has filed for bankruptcy relief. It is a cause of action that literally begs for resolution in a bankruptcy forum. Neither the New York Stock Exchange, Inc. or the National Association of Securities Dealers, Inc., have any particular expertise that would be helpful in resolving this dispute. Furthermore, permitting this matter to be submitted for arbitration could unnecessarily delay the efficient administration of the debtor's bankruptcy estate.

This Court is also of the opinion that the debtor's cause of action against the defendant would, most likely, not be considered a high priority matter to either the New York Stock Exchange, Inc., or the National Association of Securities Dealers, Inc. It is extremely doubtful that the plaintiff, a Chapter 7 bankrupt, has the financial means to fairly compete with the defendant in an arbitration format. Indeed, the Court suspects that this is one of the predominant reasons that the defendant would like to see this matter submitted to arbitration.

## III.

Coupled with the practical reasons set forth hereinabove, there is also precedential authority to decline the defendant's motion to stay.

In *In re Braniff Airways, Inc.*, 33 B.R. 33 (Bankr.N.D.Tex.1983), the court held that the Chapter 11 debtor would not be forced to submit to binding arbitration as required by agreements that it had signed with four defendant airlines because, from a practical standpoint, arbitration was not workable.

*Coar v. Brown*, 29 B.R. 806 (D.C.N.D.Ill. 1983), observed that where a case raises important federal issues, courts have refused to grant stays of litigation pending arbitration, notwithstanding the existence

of arbitration clauses. The court cited with approval the case of *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953).

The Court in *In re Brookhaven Textiles, Inc.,* 21 B.R. 204 (Bankr.S.D.N.Y.1982), stated that the bankruptcy court was not required to submit a contract dispute between the debtor and a creditor to arbitration, even though the contract provided for arbitration, in view of the fact that the resolution of the dispute did not require the expertise of a special tribunal. The court went on to say that the bankruptcy court does not ordinarily surrender its jurisdiction except under exceptional circumstances and that the decision to surrender or retain jurisdiction involves the exercise of judicial discretion.

In *In re Cross Electric Co., Inc.,* 9 B.R. 408 (Bankr.W.D.Va.1981), the Chapter 11 debtor, a subcontractor, sued its general contractor and its surety to recover on the subcontract which contained a provision that all claims and disputes would be submitted to arbitration. The defendants moved to dismiss the proceeding for lack of subject matter jurisdiction in view of the arbitration clause. The court held that the debtor was not required to submit to arbitration, regardless of the contract provisions, because the proceeding could be expeditiously heard and determined by the bankruptcy court.

In *In re Ludwig Honold Mfg. Co.,* 22 B.R. 436 (Bankr.E.D.Pa.1982), the court offered the following:

> "Moreover, we do not see the need for an arbitrator's special expertise to the decision making process in this case. And, we find that the resolution of the issues in dispute are of particular interest to the bankruptcy court.
>
> In view of the enactment of the Bankruptcy Reform Act of 1978 and the urgent need for the prompt administration of adversary proceedings, we conclude that, in the case before us, the arbitration clause is not binding on the parties and that we may determine this case by trial rather than by arbitration."

At page 438.

 Generally, courts have recognized that when one of the parties to a contract is a debtor in bankruptcy and the dispute arises before a bankruptcy court, decisions concerning requests for arbitration, contractually agreed upon, rest within the sound discretion of the bankruptcy judge. 72 A.L.R.Fed. 890, 892 (1985)

This Court could find no cases which absolutely refused to follow the reasoning set forth in the cases cited hereinabove.

Finally, after comparing 11 U.S.C. § 525(b) with the language set forth in the arbitration agreements, the Court is convinced that the cause of action filed by the debtor is not one that would ordinarily be covered by the arbitration clauses.

The Court is therefore of the opinion that the defendant's motion to stay pending arbitration is not well taken and said motion should be overruled. The defendant will be afforded an opportunity to file an answer to the plaintiff's complaint within twenty days from the date of the entry of the order which will be prepared in conjunction with this Opinion.